*Decisions will be entered under Rule 50.*

EDWARD I. WEINROTH & EVA WEINROTH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67104. Filed October 19, 1959.

*Zachary S. Zimmerman, Esq.,* for the petitioners.
*Norman L. Rapkin, Esq.,* for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency of $233.84 in petitioners' income tax for the year 1955. The sole question for decision is whether petitioners are entitled to a "sick pay" exclusion under section 105(d) of the Internal Revenue Code of 1954.[1]

All facts have been stipulated and they are found accordingly.

Edward I. Weinroth (hereinafter called petitioner) and his wife, Eva, filed a joint income tax return for the year 1955 with the district director of internal revenue, Brooklyn, New York.

During the calendar year 1955 petitioner was employed as a teacher by the Board of Education of the City of New York. Under such employment petitioner was subject to the New York State Education Law and the bylaws of the board of education. Article I, section 2,

---

[1] All section references are to the Internal Revenue Code of 1954.

paragraph 15, of the New York State Education Law is and was during the period here involved as follows:

15. School year. The term "school year" means the period commencing on the first day of July in each year and ending on the thirtieth day of June next following.

Article X, section 90, paragraph 37, of the bylaws of the board of education is and was during the period here involved as follows:

37. The vacations and holidays allowed in the public schools shall be as follows: Every Saturday throughout the year; the 12th day of October; Election Day; the eleventh day of November; Thanksgiving Day and the day following; the 25th day of December to the 1st day of January and the intervening days; the 12th day of February; and the 22nd day of February; the day commonly known as Good Friday and the week following; the 30th day of May; the next day following any day above specified when such day shall be Sunday; in the Borough of Brooklyn, Anniversary Day; in the Borough of The Bronx, Borough Day; and the interval between the 30th day of June and the second Monday in September.

During the calendar year 1955 petitioner was assigned by the board of education to Abraham Lincoln High School, in Brooklyn, New York.

In June 1955, Gabriel R. Mason, then principal of Abraham Lincoln High School, requested petitioner to perform the following tasks:

(a) Revision of the lesson planning in General Science to conform with the projected new syllabus in that subject, and

(b) To review a number of text books in General Science for the purpose of selecting a book for use at Lincoln High School.

It was anticipated by Gabriel R. Mason and petitioner that such tasks would be performed and completed during July and August 1955. Gabriel R. Mason did not directly order petitioner to perform and complete such tasks during July and August 1955, but rather, petitioner agreed to comply with Gabriel R. Mason's request.

Gabriel R. Mason had no authority from the board of education or from the superintendent of schools to require a teacher to work during the months of July and August 1955, nor to assign a task or tasks during this period which, if performed, would deprive the teacher of his summer vacation. Likewise, the superintendent of schools had no authority from the board of education to require such work or to make such assignment during the calendar year 1955. Nothing contained in the New York State Educational Law or the bylaws of the board of education precluded petitioner from voluntarily complying with Gabriel R. Mason's request.

On July 1, 1955, petitioner began to perform the tasks requested but terminated such efforts on July 3, 1955, because of a painful back condition. Petitioner was hospitalized for this painful back condition from July 5 to July 19, 1955, and he remained incapacitated dur-

ing July and August 1955. He did not recover until September 9, 1955. Classes for the 1955–1956 school year began at Abraham Lincoln High School, as at all other New York City schools, on September 12, 1955, at which time petitioner reported for duty as a teacher.

The bylaws of the board of education provided that a teacher will be entitled to 10 days of sick leave with pay per year. Such unused sick leave may be accumulated up to a maximum of 200 days.

Pursuant to article IV, section 106(3) of the bylaws of the board of education a teacher would be charged with sick leave when absent from work during a school day, Monday through Friday. A teacher would not be charged with sick leave when sick on a Saturday, Sunday, legal holiday and/or Christmas, spring, or summer vacations.

Petitioner was not charged with any sick leave, either annual or accumulated, because of any sickness or injury sustained by petitioner during the period July 1 through September 9, 1955.

In his income tax return for 1955 petitioner excluded $914.28 from his gross income as "sick pay," because of his sickness during the period July 3 to September 9, 1955, and respondent, in the 90-day letter, disallowed this exclusion explaining "the amount of $914.28 has been disallowed as not deductible within the meaning of section 105(d) of the Internal Revenue Code of 1954."

Section 105(d)[2] allows an employee to exclude from gross income certain amounts which "constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness." Petitioner reported receiving wages from the Board of Education of New York City in the total sum of $7,175.45 for the year 1955. His teaching contract is not in evidence and it is not specifically stipulated that petitioner received one-twelfth of his annual salary each month. However, petitioner pleaded that he was paid one-twelfth of his annual salary each month and, though respondent denied this in his answer, he now concedes on brief that petitioner was, pursuant to his employment

[2] SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS.

(a) AMOUNTS ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.—Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

\* \* \* \* \* \* \*

(d) WAGE CONTINUATION PLANS.—Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. In the case of a period during which the employee is absent from work on account of sickness, the preceding sentence shall not apply to amounts attributable to the first 7 calendar days in such period unless the employee is hospitalized on account of sickness for at least one day during such period. If such amounts are not paid on the basis of a weekly pay period, the Secretary or his delegate shall by regulations prescribe the method of determining the weekly rate at which such amounts are paid.

contract, paid one-twelfth of his annual salary each month. We will assume petitioner received regular monthly salary payments during the period of his illness which it is stipulated extended from July 3 to September 9, 1955. The only question is whether he was "absent from work" during said period. It appears from the stipulation that the illness period was wholly within petitioner's normal vacation period: i.e., between the 30th day of June and the second Monday in September. The question comes down to whether petitioner was "absent from work" within the meaning of the statute when the period of the alleged absence on account of illness falls entirely within his vacation period.

The Commissioner, in his Income Tax Regulations, section 1.105–4(a)(3)(i), *et seq.*, issued under the 1954 Code, has stated:

(i) Section 105(d) applies only to amounts attributable to periods during which the employee would be at work were it not for a personal injury or sickness. Thus, an employee is not absent from work if he is not expected to work * * *

(ii) Similarly, an employee who incurs a personal injury or sickness during his paid vacation is not allowed to exclude under section 105(d) any of the vacation pay which he receives, since he is not absent from work on account of the personal injury or sickness. Likewise, a teacher who becomes sick during the summer or other vacation period when he is not expected to teach, is not entitled to any exclusion under section 105(d) for the summer or vacation period. However, if an employee who would otherwise be at work during a particular period is absent from work and his absence is in fact due to a personal injury or sickness, a payment which he receives for such period under a wage continuation plan is subject to section 105(d).

(4) * * * the exclusion provided under section 105(d) is applicable only to * * * payments attributable to a period when the employee would have been at work but for such personal injury or sickness.

Petitioner does not attack these regulations as an unreasonable or arbitrary interpretation of section 105(d), but rather urges that they have no application to the present case because petitioner was "at work." We cannot agree.

Petitioner was paid at a yearly rate by the board of education to teach school. His employer specifically provided in its bylaws that its teachers were to receive a summer vacation extending at least from June 30 to the second Monday in September. Petitioner was hired to, expected to, and required to teach school about 10 months out of the year. If he had done nothing during the months of July and August he would still have been entitled to the entire amount of his salary. The board of education did not expect or require that he work for it during his vacation. At the request of his principal he volunteered to undertake several projects directly connected with his job. The projects he undertook and the amount of time which it was expected he would spend on them in no way affected his annual salary or the periodic payment of it to him.

While the Commissioner, in his regulations, has stated that all circumstances must be taken into account [3] in determining whether the employee was absent from work and has ruled [4] that the manner in which the employee's absence is reflected on the employer's records is not determinative of the rights of the employee to the exclusion, yet we think it significant that the board of education did not charge petitioner with sick leave and thus evidently did not consider him at work for the period in question.

Petitioner was a volunteer doing "work" which he was not required to do ,without extra compensation, during the time normally set aside for his vacation. Although we have no doubt that the projects he had undertaken may well have entailed both mental and physical effort, we must hold, on the record before us, that he cannot qualify for an exclusion under section 105(d) because he cannot be "absent from work" in a period which is not a working period for him.[5]

We sustain respondent upon the issue presented. Certain adjustments were not contested and certain adjustments were conceded by respondent. Accordingly,

*Decision will be entered under Rule 50.*