HELEN KELLNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kellner v. Commissioner
Docket No. 4724-71.
United States Tax Court
T.C. Memo 1976-72; 1976 Tax Ct. Memo LEXIS 333; 35 T.C.M. (CCH) 326; T.C.M. (RIA) 760072; March 9, 1976, Filed Helen Kellner, pro se. Robert E. Marum and Warren W. Dill, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: *334 Year
Deficiency
1967
$838.49
1968
999.58 Certain concessions having been made by the parties, the issues remaining for our consideration are: (1) the availability of the sick pay exclusion for a portion of petitioner's 1968 gross income, (2) the amount of allowable medical and dental expense deductions available to petitioner for 1967 and 1968, (3) the amount of allowable employee business expenses incurred by petitioner in 1967 and 1968, (4) the deductibility of legal expenses incurred by petitioner in 1967 for divorce proceedings and for her alleged unsuccessful effort to secure an alimony award, (5) the availability of a deduction for expenses incurred in the care of a dependent in 1968, and (6) the amount deductible as charitable contributions for 1968. To a large extent, the issues involved herein are factual in nature and petitioner bears the burden of proof in respect thereof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Further, since many of these factual issues involve the question of amounts actually expended by petitioner, this burden entails adequate substantiation of claimed expenses, *335 a burden not unfamiliar to this petitioner. See Helen Kellner,T.C. Memo. 1971-103, affd. per curiam 468 F. 2d 627 (2d Cir. 1972). Petitioner was a resident of New York, New York, at the time of filing the petition herein. She timely filed her Federal income tax returns for the years 1967 and 1968 with the district director of internal revenue, Manhattan District, New York. Throughout 1967 and 1968, petitioner was employed as a public school art teacher by the Board of Education of the City of New York. As a teacher, petitioner received compensation of $11,345.62 in 1967 and $10,337.19 in 1968. Sick Pay Exclusion
Petitioner's annual salary was $12,600 for the 1967-1968 school year, payable in twelve monthly installments of $1,050 each. The payments which she received each month represented compensation for the month preceding the month previous to payment, e.g., she was paid in March for January, April for February, etc. It appears that, for each day of absence on account of illness not represented by fully-paid sick leave, 1/300ths, or $42, was deducted from her compensation.[1] Petitioner was paid $294 in April, 1968, $420 in May, 1968, and *336 $294 in June, 1968. Since it is common knowledge that school sessions do not take place on Saturdays, Sundays, or legal holidays, during the week between Christmas and New Year's Day or during the week after Easter, or during the months of July and August, it is obvious, from the 300-day basis of calculation, that a substantial portion of petitioner's compensation was attributable to days on which she was not required to work. Compensation attributable to those periods does not constitute sick pay within the meaning of section 105(d). [2]Harry Cohen,41 T.C. 181, 189 (1963). See Rev. Rul. 74-185, 1974-1 C.B. 34, modifying Rev. Rul. 63-219, 1963-2 C.B. 76. Petitioner was absent on account of illness on February 9, 13, 14, 15, and 16, 1968, and from February 26 through May 24, 1968; she *337 had sick leave available for all days of absence in February and March 1, 4, and 5. Petitioner was not hospitalized at any time due to such periods of illness. The only days of absence on account of illness for which petitioner was paid were all such days in February and March 1, 4, and 5. The days of February 9, 13, 14, 15, and 16 were separated from the period of continuous absence from February 26 to May 24 and therefore treated separately. See section 1.105-4(e), Income Tax Regs. Since it is obvious that petitioner's rate of regular pay was in excess of $100 per week, that she was paid in full for each day of sick leave, and that the number of days in each separate period for which she was paid was less than 30 days, and since she was not hospitalized, the exclusion for sick pay contained in section 105(d) is inapplicable. [3]
We hold that, under the foregoing circumstances, petitioner is not entitled to any sick pay exclusion. Medical and Dental Expenses
*338 For the taxable years in question, petitioner claims to have made the following medical expenditures, incurred for the care of herself and her mother, for which she was not compensated by insurance or otherwise: 1967
1968
Cost of medicine
$ 520
$ 215
and drugs
Other medical and
2,823
5,606
dental expenses Respondent concedes that petitioner had the following expenses: 1967
1968
Cost of medicine
$104.12
$ 167.29
and drugs
Other medical and
400.00
2,644.31
dental expenses
Notwithstanding petitioner's understanding that failure to establish her expenses could result in lost deductions (see Helen Kellner,supra), petitioner explains her lack of proof this way: It would be too time consuming to review all those bills before the Judge. The petitioner therefore brought some random samples * * *. Unfortunately, the Court has no way of knowing whether the bills which petitioner submitted in fact represent her expenses which respondent has conceded or the portion of those expenses which were disallowed. Under these circumstances, we have no choice but to hold that, except to the extent of his concessions, *339 respondent's determination must be sustained. [4]
Employee Business Expenses
For the years in issue petitioner deducted various amounts as employee business expenses. Respondent disallowed a portion of the claimed deduction for each year. After concessions by the parties, the items in dispute are: [5]
Claimed
Allowed
Professional journals,
books, supplies,
etc.
1967 $150 $50
1968
150
50
Protective clothing
(smocks)
1967
25
0
Use of home for
business
1968
245
0
Substitute teachers
1967
275
0
Petitioner has introduced no evidence showing she is entitled to a deduction in excess of the $50 allowed her each year for the expense of professional publications, supplies, etc. *340 Accordingly, we sustain respondent's determination concerning this item. Although petitioner has similarly submitted no documentary proof regarding purchases of protective clothing smocks, we believe she did purchase such smocks and that the expense thereof was an ordinary and necessary expense of being an art teacher. We find petitioner's $25 figure for 1967 to be reasonable. [6] See Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). Petitioner testified that she used her apartment to prepare for her classes for several hours per weekday. She did not set aside any particular room or space for business use; the apartment had only two rooms, kitchen, and bath, all of which petitioner claims to have used for work. Petitioner's situation is clearly distinguishable from that of a taxpayer who designates and uses a specified portion of his home for a convenient place of business he would not otherwise have. Cf. Newi v. Commissioner,432 F. 2d 998 (2d Cir. 1970), *341 affg. T.C. Memo. 1969-131. Petitioner's place of business was clearly the school at which she taught, and, to the extent she brought work home, she did not have a designated work space within her apartment. We have dealt, in some detail, with the issue of "home" business expenses in a Court-reviewed opinion in Stephen A. Bodzin,60 T.C. 820 (1973). Our decision therein was recently reversed by the Fourth Circuit Court of Appeals in Bodzin v. Commissioner,509 F. 2d 679 (4th Cir. 1975). Whatever our views may ultimately be in respect of such reversal, we think it clear that petitioner herein has failed to carry her burden of proving facts sufficient to bring her within the parameters set forth in our opinion in Bodzin.We sustain respondent's disallowance of such expenses. Petitioner's claimed deduction for substitute teachers' pay during her absence is clearly not allowable in view of petitioner's admission that she did not make payment to such substitute teachers from income taxable to her. See Helen Kellner,T.C. Memo. 1971-103. Legal Expenses
Petitioner claimed a $300 deduction on her 1967 tax return *342 as legal expenses for her claimed unsuccessful pursuit of alimony. Respondent disallowed this deduction in its entirety. Petitioner on brief claims that the proper amount for this item is $1,039.22. Petitioner testified that she was divorced but denied alimony in 1967. Before we even reach the issue of whether or not her lack of success in getting alimony bars a section 212 deduction (see 4A Mertens, Law of Federal Income Taxation (Malone 1972 rev.), sec. 25A.07), we note that petitioner has failed to show that her legal expenses were not attributable solely to the procurement of the divorce decree. There is nothing in the record to indicate that petitioner made any claim for alimony in the divorce proceedings.[7] Thus, we have no way of knowing how much, if any, of petitioner's legal expenses were incurred in connection with anything other than the cessation of the marital relationship. Accordingly, we must deem all of petitioner's legal expenses to be personal and nondeductible. See UnitedStates v. Gilmore,372 U.S. 39 (1963). Compare Marion R. Hesse,60 T.C. 685, 693-694 (1973), affd. without opinion 511 F. 2d 1393 (3d Cir. 1975), *343 and cases cited therein. Respondent's disallowance is sustained. Dependent Care Expenses
Petitioner's mother became quite ill in 1968. After a period of hospitalization, on May 22, 1968, petitioner's mother came to live with petitioner until her death in the summer of 1968. Since petitioner was away from home during the days school was in session from May 24 through June, and since her mother required constant care, petitioner hired persons to sit with her mother while petitioner was working. On her 1968 income tax return, petitioner claimed a $210 deduction for dependent care under section 214. Respondent disallowed any deduction for dependent care solely upon the ground that petitioner failed to substantiate any expenditures of the nature claimed. Although petitioner has failed to establish her expenses by documentary evidence, [8] we believe the record as a whole supports a finding that petitioner expended $120 for the care of her mother between May 24 and *344 June 30, 1968, thereby enabling petitioner to be gainfully employed. The dependent care deduction should be figured accordingly. Charitable Contributions
Petitioner claimed a $320 deduction on her 1968 tax return for charitable contributions made. Respondent allowed $150 of the amount claimed. In the absence of proof by petitioner that she is entitled to more, we sustain respondent's disallowance. Decision will be entered under Rule 155.
Footnotes
1. Under the circumstances of this case, the fact that neither the teaching contract nor the bylaws of the Board of Education were put into evidence is immaterial. See Edward I. Weinroth,33 T.C. 58, 60-61↩ (1959). 2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. Petitioner's situation is to be contrasted with that which existed in Harry Cohen,41 T.C. 181 (1963), where the taxpayer had 122 days of accumulated sick leave. See 41 T.C. at 184↩.
4. The allowances of the amounts conceded by the respondent are subject to the 1-percent and 3-percent limitations of section 213.↩
5. During the course of these proceedings, petitioner claimed to have understated her deductible expenditures on her tax returns. Since her petition makes no such claims and since petitioner's subsequent claims in respect thereof are vague at best, we consider her claimed expenses to be those shown on her income tax returns.↩
6. Petitioner took no separate deduction for this item in 1968 but included it in the general category of supplies, etc., and she offered no specific proof directed to this specific item for that year.↩
7. In fact, appended to petitioner's brief is a photocopy of a canceled check to her attorney for such legal expenses. Petitioner's own notation thereon was "balance for divorce↩ proceedings." (Emphasis added.)
8. On her brief, petitioner argues that the amount she actually expended was $600 and that we should accordingly allow an upward adjustment in her deduction. No claim for the additional amount appears in the petition and we have seen no evidence in support thereof.↩