**George H. and Sarah NEWI, Petitioners-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 58, Docket 34187.**

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1970.

Decided Oct. 21, 1970.

Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C. (Lee A. Jackson, Thomas L. Stapleton, and Kenneth L. Gross, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Gabriel T. Pap, New York City, for petitioners-appellees.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

MOORE, Circuit Judge:

The Commissioner of Internal Revenue (the Commissioner) appeals from that portion of the decision of the Tax Court which holds that "the petitioners were entitled to an ordinary and necessary business expense deduction for a portion of the rent, light and cleaning of their apartment." The petitioners below, George H. Newi (hereinafter referred to as the Taxpayer) and Sarah Newi, are husband and wife. George H. Newi, during the year in question 1964, for which a joint return was filed, was "an outside salesman of television time for the American Broadcasting Company television network (hereinafter referred to as 'ABC')." * His work consisted largely of selling television time on ABC through the many advertising agencies located in New York City. Since the only issue on this appeal is the Tax Court's allowance as a business expense

of a portion of the Taxpayer's apartment rental for a room (a den-study) used by him in connection with his business, the statement of facts will be restricted to this subject. This item, combined with other allowances and disallowances made by the Tax Court, resulted in a judgment of $544.63 against the Taxpayer instead of the $901.22 deficiency assessed by the Commissioner, a difference of $356.59. Under these circumstances, it is fair to assume that the Commissioner feels that some important principle of precedential value other than the $356.59 is involved. At the outset, we would disabuse the Commissioner of any such apprehension because each of these business expense cases should be decided on the merits of the particular facts presented. The facts, as found by the Tax Court, are for all practical purposes not in dispute.

For six months of 1964, the Taxpayer lived in a three-room apartment at 200 East 84th Street, Manhattan. The rent was $260 a month. Off the living room was an "L"-shaped room so partitioned with a separate door that it formed a den or study in which the Taxpayer for an average of three hours a night carried on his work. As the Tax Court found, there he was "reviewing his notes on the day's selling activities, studying various research materials and ratings, making his plans for the next day's work, and viewing the television advertisements of ABC and its competitor networks." The "study was not used by [Taxpayer] or his wife for personal entertaining or personal television viewing." With the advent of a child, the Taxpayer moved into a four-room apartment in the same building, the rent being $300 a month. There the same physical lay-out obtained, a den off the living room enclosed by partitions and a door.

The Commissioner makes much of the fact that ABC did not require or request the Taxpayer to set aside a portion of his apartment for office work and that the ABC building was open in the evening with office space and television

---

* Op. T.C. refers to the opinion and findings of fact of the Tax Court (Sterrett, Judge).

equipment available. The Commissioner notes (Br. p. 11) that the ABC building, 7 West 66th Street, was "actually closer to taxpayer's clients * * * than taxpayer's home." Very possible in a few cases as a crow might fly but Manhattanites unfortunately do not possess this talent. Furthermore, the Taxpayer would scarcely be making business calls on advertising agencies during the evening hours. For the Taxpayer to return to 7 West 66th Street after dinner from 200 East 84th Street would have been wholly impractical. Assuming he could have obtained a taxi at that theatre hour (a most unlikely assumption), he would have had to have crossed four or five main north and south arteries, each with traffic lights, proceeded for some distance (also traffic light controlled) to a street which traversed Central Park and, thence, to his office. During this time he would have missed many of the programs which would have been of importance to him.

The Commissioner would bring this case within Section 262 of the Internal Revenue Code of 1954 by characterizing this item "personal, living or family expenses."—hence, no deduction. But Treasury Regulation (1954 Code), § 1.-262–1(b) (3) (26 C.F.R.) provides: "If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense." The examples (Rev.Rul. 62-180, 1962–2 Cum.Bull. 52) based on other and different states of fact are not controlling or helpful because we are deciding only as to the facts here presented.

The Commissioner is concerned that the Tax Court's construction of "ordinary and necessary," Internal Revenue Code of 1954, Sec. 162(a), as applied to this case, would mean [appropriate and helpful" and that this construction "would open the doors for a business deduction to any employee who would voluntarily choose to engage in an activity at home which conceivably could be helpful to his employer's business" (Br. p.

11–12). The Commissioner need have no such concern. This case opens the doors just long enough to enable this Taxpayer to pass through it into his cloistered study to pursue his business. It is his business to sell television programs in a competitive market. To do this he must endeavor to secure the maximum amount of television information available. It would be hard to imagine a better method than, in the isolation of his study-den, to view, ponder over and make notes relating to television programs.

The reasonableness of the Tax Court's decision is further evidenced by its allowance of only 25% of the rental, cleaning and lighting expenses of the three-room apartment and 20% on the four-room.

The decision of the Tax Court is affirmed.