**Stephen A. BODZIN and Tanya K. Bodzin, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 74–1397.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 2, 1974.

Decided Jan. 20, 1975.

680

Michael L. Paup, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and F. Arnold Heller, Attys., Tax Div., Dept. of Justice, on brief) for appellant.

John J. Yurow, Washington, D. C. (Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and THOMSEN, Senior District Judge.

THOMSEN, Senior District Judge.

The Commissioner appeals from a decision of the Tax Court [1] which allowed taxpayers, in computing their taxable income for 1967, to deduct $100 of the $2,100 annual rent they paid for their apartment, on the ground that one room therein was used on some evenings and weekends by the husband as an office.

There is no dispute about the basic facts. Bodzin was an attorney-advisor in the Interpretive Division, Office of the Chief Counsel, Internal Revenue Service. His office was in the Internal Revenue Building, in Washington, where he worked on proposed ruling letters and published rulings, requests for technical advice and opinions; he analyzed the facts and issues, did the necessary legal research, conferred with other people and prepared memoranda. He generally worked independently, without day-to-day supervision, but was expected to complete his work with reasonable promptness. He was not required, requested, expected or encouraged to work in the evenings or on weekends, but he sometimes did in order to meet dead-lines, self-imposed or otherwise. If he had chosen to do so, he could have worked comfortably in his I.R.S. office at any time.

During the tax year in question, the Bodzins and their child lived in Alexandria, Virginia. Their apartment consisted of a living room, dining room, kitchen, two bedrooms and baths and an 8' x 12' study or den. The study was furnished with a desk, desk chair, cabinets, lamps and several bookcases, in which Bodzin and his wife kept some of their personal books, as well as some tax treatises and lawbooks. The study was not used for entertaining visitors, but was used by the Bodzins for various non-business purposes, including Bodzin's stamp collecting activities.

Bodzin usually worked in the study two or three evenings a week and for three to five hours on weekends, reading or writing. This was more pleasant and convenient to him than remaining at or returning to his office in the Internal Revenue Building, although that building was always open, heated or air conditioned, and not a long distance from his home.

The Commissioner disallowed the claimed deduction. On taxpayers' petition for redetermination, the majority of the Tax Court concluded:

"We have found as an ultimate fact, on this record, that the expenses at issue were directly related and pertained to his business—that of a Government attorney. It makes no difference that the petitioner was not required to maintain a home office, that he wanted merely to do a good job, and that he liked his work. The expenses were 'necessary' because they were appropriate and helpful in the conduct of his business. They enabled him to keep a facility in his home wherein he could, and did, work. See Newi v. Commissioner [432 F.2d 998, C.A. 2, 1970]; Blackmer v. Commissioner, 70 F.2d 255 (C.A. 2, 1934). They were 'ordinary,' and not capital,

1. Bodzin v. Commissioner, 60 T.C. 820, a reviewed decision, with four judges dissenting.

in nature. See Welch v. Helvering, 290 U.S. 111 [54 S.Ct. 8, 78 L.Ed. 212] (1933); Commissioner v. Tellier, 383 U.S. 687 [86 S.Ct. 1118, 16 L.Ed.2d 185] (1966). Accordingly, we hold that the home office expenses of this petitioner fall within section 162 and outside section 262."

The dissenting opinions took the position that the claimed deduction was a personal expense and not a business expense.

It is true that § 162(a) of the Internal Revenue Code, 1954, provides: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." But § 262 provides: "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses." And, as the Supreme Court has recently pointed out, Commissioner v. Idaho Power Co., 418 U.S. 1, 17, 94 S.Ct. 2757, 2767, 41 L.Ed.2d 535 (1974), "Section 161 provides that deductions specified in Part VI of Subchapter B of the Income Tax Subtitle of the Code are 'subject to the exceptions provided in part IX'." Part VI includes § 162 and Part IX § 262. The priority ordering directive of § 161 therefore requires, on the facts of this case, that the provision quoted from § 262 take precedence over the provision quoted from § 162(a).

T.R. (1954 Code), § 1.262–1(b)(3) provides:

"Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense."

Bodzin did not use any part of his apartment as his place of business; like most lawyers and judges, he sometimes, by choice, did some of his reading and writing at home.

Newi v. C. I. R., 432 F.2d 998, cited by the Tax Court, is distinguishable. Newi was an outside salesman of television time for the American Broadcasting Company; he used a study in his residence for an average of three hours a night, reviewing his notes on the day's selling activities, studying various research materials and ratings, making plans for the next day's work, and viewing the television advertisements of A.B.C. and its competing networks. The court noted that if Newi had returned to his office after dinner, he would have missed many of the programs which would have been of importance to him, and made clear that it was "deciding only as to the facts here presented." 432 F.2d at 1000.

Many Tax Court cases have been cited by taxpayers and the Commissioner. In those in which deduction was allowed the office provided by the employer was either not available in the evening and on weekends or was not suitable for the purposes for which the taxpayer involved was using a room in his home. That is not true in the instant case.

We conclude that the expense of renting the Bodzin's apartment was a personal expense within the meaning of § 262 and not a business expense. It is, therefore, unnecessary to decide whether it was appropriate and helpful in carrying on his business. The deduction was properly disallowed by the Commissioner. The decision of the Tax Court is

Reversed.