JOSEPH L. SALVIATI and REGINA E. SALVIATI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salviati v. Commissioner
Docket No. 3810-76.
United States Tax Court
T.C. Memo 1977-257; 1977 Tax Ct. Memo LEXIS 183; 36 T.C.M. (CCH) 1041; T.C.M. (RIA) 770257; August 9, 1977, Filed Regina E. Salviati, pro se. Thomas P. Dougherty, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' joint Federal income tax for 1974 in the amount of $112.72.The issue for decision is whether petitioners are entitled to a deduction under section 162(a) [1]/ for part of the cost of maintaining their home because Regina Salviati used one room in their home in connection with her employment as an elementary schoolteacher. *184 FINDINGS OF FACT At the time this petition was filed, petitioners were legal residents of Melrose, Massachusetts. During the 1974 academic year Regina E. Salviati [2]/ was employed as a fifth grade teacher at Marshall Simonds Middle School, Burlington, Massachusetts. The school building in which petitioner worked was open and accessible to teachers from 6:30 a.m. to 5:00 p.m. on weekdays. Although classes for the fifth grade were held from 8:20 a.m. to 2:20 p.m., petitioner was required by her contract with the board of education to be in the school building from 7:50 a.m. to 2:40 p.m. Since petitioner was a homeroom teacher her classroom was available for her use until the school building closed at 5:00 p.m. Although she had a key to her homeroom, she did not have a key to the school building. Even though her classroom could be locked, it had previously been broken into. The room was not a safe place for keeping valuable or confidential materials. Petitioner also had access to the teachers' lounge. Although heavily used during the day, some of petitioner's fellow teachers used the lounge for grading test papers and *185 preparing for class. A telephone was available for the teachers' use in the school building. However, during the schoolday, until approximately 2:20 p.m., the offices in which the telephones were located were frequented by students. It was therefore impossible to have any telephone conversation of a confidential nature during that time. The school was out of session and closed during the summer for a period ranging from eight to twelve weeks. Petitioner, rather than use her homeroom or the teachers' lounge to prepare for her classes, grade assignments and test papers, and perform other administrative duties relating to her teaching position, set up one of the six rooms in her home as an office. The room had 35 square feet out of a total 720 square feet in the entire house. In this room were a desk, filing cabinet, and bookcases. Half of the filing cabinet space was used for storage of the petitioners' nonschool related personal materials. The room, in addition to its use by petitioner in connection with her teaching obligations, served as a passageway to the attic. Petitioner, in order to contact parents of her students which were having academic difficulties or with *186 which she was having disciplinary problems, used a telephone located in a room adjacent to her home office rather than use the telephone available at school. She made most of these calls from her home because of the lack of privacy during class hours and because many of the parents could not be reached at home during the day. By using an extension cord on her home telephone, she made some of the telephone calls from her home office. The telephone calls themselves varied per week from a maximum of six down to none. Each call averaged 15 to 20 minutes. During the 1974 academic year, petitioner spent between one and three hours each weekday evening and between two and four hours per weekend in the office performing duties relating to her teaching position. Petitioners in their 1974 Federal income tax return claimed a $342 office-in-home deduction. This was computed by treating one-sixth of the total expenses of the house as relating to the home office. One-sixth was used by the petitioners since the office was one room out of the total six rooms in the house. The total expenses were as follows: Depreciation - home
$1,200
Depreciation - office furnishings
27
Insurance
200
Heat and light
574
Repairs and maintenance
50
Total expenses
$2,051
*187 OPINION Petitioners' $342 office-in-home deduction was disallowed by respondent on the ground that petitioners failed to establish that the amount deducted was a business expense within the meaning of section 162(a). [3]/ Respondent maintains that the expenses were nondeductible personal expenses falling within section 262. We hold for the respondent. As pointed out by the Supreme Court in Commissioner v. Idaho Power Co.,418 U.S. 1, 17 (1974), provisions in part IX of subchapter B take precedence over the provisions in part VI of subchapter B. Section 262, falling within part IX, therefore, excepts expenses which might otherwise be deductible under section 162, a part VI provision. Petitioner consequently has the burden of proving that the claimed deduction was not a personal expense falling within section 262. Income Tax Regs., section 1.262-1(b)(3) provides: Expenses of maintaining a household, including amounts *188 paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense. Although petitioner established that she used from time to time a small upstairs room in her home for duties relating to her teaching position, she did not prove that the room was a place of business. See Sharon v. Commissioner,66 T.C. 515 (1976), on appeal (9th Cir., Dec. 20, 1976), where the Court held that the taxpayer, an attorney working for the Internal Revenue Service, who used his home office for a maximum of approximately 15 to 20 hours per week, failed to prove that the claimed home office deductions were not essentially personal. It is true that section 162(a) allows a deduction for "ordinary and necessary" expenses paid or incurred in carrying on a business, and "necessary" has been interpreted *189 to mean "appropriate and helpful." Welch v. Helvering,290 U.S. 111, 113 (1933). However, as this Court has pointed out, the "appropriate and helpful" test * * * requires a weighing and balancing of all the facts so that they may be given the proper order of importance, bearing in mind the precedence of section 262, which denies deductions for personal expenses, over section 162, which allows deductions for business expenses. Sharon,supra at 524. See also Bodzin v. Commissioner,509 F.2d 679 (4th Cir. 1975), cert. denied 423 U.S. 825 (1975), revg. 60 T.C. 820 (1973). Petitioner took her work home with her for personal reasons. She was not required or encouraged by the school to work at home. Her homeroom at school and the teachers' lounge were available to her for her use in preparing her classes, grading assignments and tests, and performing her other administrative duties. Her homeroom was available for approximately one hour prior to the start of classes and another approximately two and one-half hours after classes. The teachers' lounge was available throughout the day and was conducive *190 to this type of work after classes.See Meehan v. Commissioner,66 T.C. 794 (1976), on appeal (3rd Cir., Nov. 11, 1976). Therefore, although staying at school to perform her duties would have required petitioner to stay at school several hours beyond her required contract hours, her home was not better suited for handling her schoolwork. Cf. Peiss v. Commissioner,40 T.C. 78 (1963) and Rev. Rul. 64-272, 1964-2 C.B. 55. It is no doubt true that petitioner's occasional use of her home telephone to call the parents of some of her students and the use of her home to store confidential records were helpful in carrying on her schoolwork. But these uses of her home telephone and the upstairs room in her home, which she calls her office, were only incidental. They added nothing to her telephone bill or to the cost of maintaining her home. Cf. Fausner v. Commissioner,413 U.S. 838, 839 (1973). Such use did not convert the room into a "place of business" within the meaning of the above-quoted regulation. We were favorably impressed with petitioner's sincere devotion to her work as a teacher. In light of all the facts, however, *191 we must hold that the claimed $342 deduction for home office expenses is not allowable as a deductible business expense under section 162(a) but must be disallowed as a personal expense under section 262. Decision will be entered for the respondent. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. /↩ Hereinafter referred to as petitioner.
3. / SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩