**Joel A. SHARON and Ann L. Sharon, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 77–1324.

United States Court of Appeals, Ninth Circuit.

Nov. 24, 1978.

Rehearing Denied Jan. 18, 1979.

Joel A. and Ann L. Sharon pro se.

Gilbert E. Andrews, Chief, Washington, D. C., Gary Allen, Atty. (argued), of Dept. of Justice, Washington, D. C., for respondent.

Before BROWNING and CHOY, Circuit Judges, and CHRISTENSEN *, District Judge.

PER CURIAM:

The Tax Court determined Joel Sharon was not entitled to deduct expenses he incurred in maintaining an office in his home, and was not entitled to amortize expenses incurred in obtaining a college degree and a law school degree or expenses incurred in taking the California and New York bar review courses. 66 T.C. 515 (1976). The Tax Court also held it was without authority to award Sharon costs incurred in filing his Tax Court petition. We affirm.

During 1969 and 1970, Sharon set aside one room of his three-bedroom apartment for use as an office. The room was used in performing work in connection with Sharon's employment as an attorney, and with investments in property held for the production of income. It was also used for reading and reviewing professional books, journals, and other publications, and for handling personal correspondence. Occasionally the room was left open to allow use by guests when Sharon entertained a large group. Sharon kept no records on the proportion of time he used the room in connection with his employment.

Sharon's employer did not require him to maintain an office at home and provided him with keys to his downtown office so he could work there after normal hours. Sharon, however, found it more convenient to

work at home. If he stayed late at the office he had to eat at a restaurant. In addition, the trip home was more difficult; trains and buses ran less frequently, and his wife could not meet him with the car at the train station.

We agree with the Commissioner and the Tax Court that, in these circumstances, Sharon's expenses were personal and therefore nondeductible under section 262 of the Internal Revenue Code. *Bodzin v. Commissioner,* 509 F.2d 679 (4th Cir. 1975). *See Commissioner v. Idaho Power Co.,* 418 U.S. 1, 17, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974). Sharon was not required to maintain a home office because of the nature of his employment or because there was not adequate space at the employer's place of business. *Compare Richard Keith Johnson,* 41 T.C.M. (P-H) 983 (1972); *Christopher A. Rafferty,* 40 T.C.M. (P-H) 887 (1971); *Herman E. Bischoff,* 35 T.C.M. (P-H) 603 (1966). Nor did logistical problems peculiar to Sharon's duties necessitate the home office, *compare Newi v. Commissioner,* 432 F.2d 998, 1000 (2d Cir. 1970) [1]; rather, the home arrangement was adopted by Sharon to make working in the evenings more pleasant and convenient.

In the Tax Court, Sharon argued he should be permitted to deduct the cost of his college and law degrees, bar review courses, bar exam and court-admittance fees, and related expenses as business expenses, or to amortize the expenditures under section 167 as costs of obtaining a capital asset (his license to practice law) used in his trade or business. The Tax Court held none of the expenditures were deductible business expenses, and that Sharon could amortize the cost of his bar fees but not his educational expenses or the cost of is bar review courses. 66 T.C. at 525–30. The

---

* Honorable A. Sherman Christensen, Senior United States District Judge for the District of Utah, sitting by designation.

1. Under the Code, as amended by the Tax Reform Act of 1976, Sharon would be precluded from deducting the expenses of his home office unless he used it exclusively on a regular basis

as his principal place of business or exclusively and regularly to meet with clients for the convenience of the employer. This provision does not apply to this appeal, which involves taxable years 1968 and 1969. 26 U.S.C. § 280A(c)(1) (1976).

Tax Court also held that he could amortize his court-admittance fees. *Id.* at 530–32. On this appeal Sharon argues that he is entitled to amortization of the costs of the college and law degrees and bar review courses. He abandons the argument that he is entitled to deduct his educational expenses as business expenses under section 162.

■ We agree with the Tax Court that Sharon's college, law school, and New York bar review expenses were personal expenditures directed toward his minimum educational requirements, and therefore nondeductible. Treas.Reg. § 1.162–5(b) (1958), *amended,* T.D. 6918 (1967). *See Weiszmann v. Commissioner,* 52 T.C. 1106 (1969), *aff'd per curiam,* 443 F.2d 29 (9th Cir. 1971). We also agree that allocation of these expenses between the nondeductible personal component and any deductible capital component would not be feasible. *See Fausner v. Commissioner,* 413 U.S. 838, 839, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973). Thus, like the Tax Court, we conclude that the amortization deduction was precluded by the proscription of section 262, which "take[s] precedence" in the circumstances over the amortization provision of section 167. *Commissioner v. Idaho Power Co., supra,* 418 U.S. at 17, 94 S.Ct. 2757.

In 1967, Sharon accepted a position with the Internal Revenue Service in San Francisco. Although he was not required to become a member of the California bar by the IRS, he was encouraged to do so and did, after taking another bar review course. The Tax Court held that he could not amortize the costs of his California bar review course because it was incurred in pursuit of "a new trade or business." Treas.Reg. § 1.162–(5)(b)(3) (1958), *amended,* T.D. 6918 (1967).[2]

■ The Tax Court's determination is correct. Sharon was not qualified for private practice in California. His job did not require him to be. Consequently, the expenses incurred for the bar review course allowed him to represent California clients and to pursue private practice rather than to continue practice as an IRS attorney. As the Tax Court concluded, this qualified Sharon to perform significantly different tasks and activities than he could have performed prior to the course.

Sharon requested an award as costs of the fees paid to the Tax Court for filing his petitions. The Tax Court held it lacked the statutory authority to make these awards.

■ Costs may be imposed against the government under 28 U.S.C. § 2412, which provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded *to the prevailing party* in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action.

28 U.S.C. § 2412 (emphasis added). At oral argument, Sharon conceded that he was not the "prevailing party." He therefore is not entitled to an award of filing costs.[3]

The judgment of the Tax Court is affirmed.

---

**2.** The Tax Court cited *Davis v. Commissioner,* 65 T.C. 1014 (1976) (professor of social work is in a different trade or business than a social case worker); *Glenn v. Commissioner,* 62 T.C. 270 (1974) (licensed public accountant is in a different trade or business than a certified public accountant), as support for its holding. 66 T.C. at 528–29.

**3.** Under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as

costs" various fees. The Tax Court held that it lacked statutory authority to award costs because it is not a "court of the United States" under 28 U.S.C. § 451 (1976). *See* 66 T.C. at 533–34.

In view of our determination that Sharon was not the "prevailing party," we need not determine whether the Tax Court might have had authority to award costs to Sharon.