ALAN F. LUCKE and PATRICIA T. LUCKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lucke v. Commissioner
Docket No. 11100-77.
United States Tax Court
T.C. Memo 1979-453; 1979 Tax Ct. Memo LEXIS 67; 39 T.C.M. (CCH) 478; T.C.M. (RIA) 79453; November 19, 1979, Filed Alan F. Lucke, pro se. Mary Alice Gresham, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the *68 amount of $65.58 for the calendar year 1975. The issue for decision is whether petitioners are entitled to a deduction under section 162(a) or section 212, I.R.C. 1954, [1] for the cost of maintaining an office-at-home. FINDINGS OF FACT Some of the facts have been stipulated, and are found accordingly. During 1975, and at the time of filing the petition herein, Alan F. Lucke and Patricia T. Lucke, husband and wife, resided in Corpus Christi, Texas. Petitioners filed their joint Federal income tax return for the calendar year 1975 with the Internal Revenue Service Center, Austin, Texas. Throughout 1975, Mr. Lucke was employed as a manager by Touche, Ross and Co. (Touche, Ross) in its Corpus Christi office.By profession, Mr. Lucke is a certified public accountant.Mr. Lucke's employer provided him an office within the firm's facility. Touche, Ross did not specify that Mr. Lucke should maintain an office in his home. However, Mr. Lucke's employer requested that Mr. Lucke maintain a telephone listing in the public telephone *69 book stating his name, position as a certified public accountant, his Touche, Ross office and his residential addresses plus both telephone numbers. Mr. Lucke worked approximately 55-1/2 hours per week at the Touche, Ross office. While the firm expected its employees to work a certain number of billable hours per week in the office, Mr. Lucke did spend hours at the Touche, Ross facility which were not chargeable to clients. Mr. Lucke found that the 55-1/2 hours that he spent at the offices of his firm were insufficient to accomplish the reading of all tax related publications available to him through Touche, Ross, including Forbes,Fortune,Tax Advisor and Journal of Taxation. Mr. Lucke's employer subscribed to Commerce Clearing House, Inc. (CCH) tax publications and instructed CCH to forward directly to Mr. Lucke's home Taxes on Parade. To keep abreast of this technical reading Mr. Lucke spent approximately five to six hours weekly at this home perusing these technical journals. Generally Mr. Lucke would accomplish this reading in two-to-three hour sittings during one of which 30 to 45 minutes would be spent reading Taxes on Parade. Mr. Lucke devoted *70 one or two hours per week to reading Touche, Ross' internal tax service and the balance of the five to six weekly hours in reading Forbes,Fortune,Journal of Taxation,Tax Advisor, and his personal copy of materials written by the American Institute of Certified Public Accountants. Mr. Lucke placed a desk and a bookcase containing accounting books in a corner of his bedroom to be used as his office-at-home. Mr. Lucke was the sole user of that desk; Mrs. Lucke never used it for household or personal chores. When reading technical materials at home, about one-half of the time Mr. Lucke sat at that desk, and the other half of the time he sat in a livng room chair.During "tax season," which extended from mid-February to mid-April, Mr. Lucke would on infrequent occasions take home a client's file and tax return and would review that paperwork at his home office desk. Otherwise, Mr. Lucke used the desk only as a place to read and for writing personal checks.He never engaged in personal correspondence while sitting there. Mr. Lucke did not maintain a record showing the exact dates and times of the usage of the desk in his home, the time spent there in personal as compared *71 to employment related paperwork, or the time spent there in reading technical journals. Mr. Lucke received telephone calls at home from clients anxious to speak with him during the evening. Mr. Lucke rarely initiated a business related call from his home. Petitioners kept no record of the number of business related calls that Mr. Lucke received at his residence. On their Federal income tax return for 1975, petitioners deducted $262.32 as home office expenses. Respondent in his notice of deficiency disallowed this claimed deduction explaining that petitioners have failed to establish that the amount was an ordinary and necessary business expense. OPINION The expenses of Mr. Lucke's maintaining office space in his home are deductible only if such expenses are shown to be "ordinary and necessary" business expenses or expenses for the production or collection of income or management, conservation or maintenance of property held for the production of income. Section 162(a) and 212. Although petitioners claim the deduction of the $262.32 as office expenses under section 162(a) or section 212, there is no evidence in this record to show when, if ever, the space was used *72 for any income producing or property management activity aside from Mr. Lucke's business of being an employee of Touche, Ross. Therefore, if petitioners are entitled to a deduction for the $262.32 of expenses related to Mr. Lucke's "home office," these expenses must be shown to be ordinary and necessary business expenses within the meaning of section 162(a). Respondent argues that petitioners' claimed deduction should be rejected because section 262 disallows any deduction for personal, living or family expenses. Generally the cost of maintaining a home is a personal expense within the meaning of section 262, although under certain circumstances, a personal residence may be used in part for personal and in part for business purposes. This Court and the Fourth Circuit Court of Appeals have determined that section 262 takes precedence over section 162(a). Bodzin v. Commissioner,509 F.2d 679 (4th Cir. 1975), revg. 60 T.C. 820 (1973); Sharon v. Commissioner,66 T.C. 515 (1976), affd. 591 F.2d 1273 (9th Cir. 1978). We stated in Sharon,supra at 522-523: Section 162 falls within part VI of subchapter *73 B and section 262 falls within part IX of subchapter B of chapter 1 of the Code. Section 161 provides that "there shall be allowed as deductions the items specified in this part [part VI], subject to the eceptions provided in part IX." Section 262, falling within part IX of subchapter B, thus carves out exceptions to what might otherwise be deductible expenses under section 162. The Supreme Court has recently recognized that the provisions in part IX take precedence over the provisions in part VI. Commissioner v. Idaho Power Co.,418 U.S. 1, 17 (1974); see also Bodzin v. Commissioner,509 F.2d at 681. * * * The Supreme Court in Welch v. Helvering,290 U.S. 111, 113 (1933), gave meaning to "ordinary and necessary" expenses. The Court indicated that "necessary," as used in the predecessor of section 162(a) means "appropriate and helpful" in "the development of the petitioner's business." In Sharon v. Commissioner,66 T.C. 515 (1976), affd. 591 F.2d 1273 (9th Cir. 1978), we further interpreted the "ordinary and necessary" test in light of this Supreme Court definition. In Sharon, the taxpayer *74 set aside a room in his apartment to be used as an office. The office was separated from other rooms by a sliding door. There the taxpayer performed work in connection with his employment, dealt with his investments and property held for the production of income, read various professional publications, and handled personal correspondence. Taxpayer's employer did not require him to work at home nor to work longer than regular working hours. The taxpayer had keys to his employer's facility. We noted that the taxpayer's use of his home office space was "purely a matter of personal convenience, comfort, or economy. His spare bedroom was not better suited for doing his office work." Id. at 523. In determining that the taxpayer was not entitled to a deduction for ordinary and necessary business expenses, we discussed the Welch v. Helvering,supra, test as follows: It is also true that the petitioner's utilization of a room in his apartment for occasional office work was appropriate and helpful in his work in the sense that it was fitting, proper, and useful. However, that is not sufficient for the purposes of section 162(a). The "appropriate *75 and helpful" concept is not a litmus test. Where there is a mixture of personal and business considerations, that test, like the statutory "ordinary and necessary" test, requires a weighing and balancing of all the facts so that they may be given the proper order of importance, bearing in mind the precedence of section 262, which denies deductions for personal expenses, over section 162, which allows deductions for business expenses. Many expenses, such as the cost of commuting ( John C. Burton,9 T.C. 882, 885 (1947)) and ordinary clothing ( Betsy Lusk Yeomans,30 T.C. 757, 768 (1958)), are helpful and even necessary to an individual's employment, but they are not deductible under section 162(a) because they are essentially persona. See Carroll v. Commissioner,418 F.2d 91, 95 (7th Cir. 1969), affg. 51 T.C. 213 (1968). Many people in business or in the professions may, from time to time, find it convenient to take work home with them, but such occasional performance of business in the home does not convert a part of the home into a place of business. The use of a portion of an apartment for business purposes for reasons *76 of personal convenience, comfort, or economy will not support a deduction under section 162(a). [Sharon,supra at 524-525.] Subsequently this Court again dismissed the "appropriate and helpful" test as not controlling. Meehan v. Commissioner,66 T.C. 794, 806-808 (1976). Instead, the Court focused its attention on section 262 and section 1.262-1(b)(3), Income Tax Regs., which provides: (3) Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense. In Meehan,supra, the Court stated at 807-808: Quite succinctly, petitioner's office area in his living room does not constitute a "place of business," in terms of either quantum or quality of activity, as contemplated *77 by the regulation. *** * * *
Just as the incidental and occasional performance of graduate assistantship work does not convert petitioner's living room into a place of business neither does it convert nondeductible, personal living expenses into business expenses. Section 262 admits of no such alchemy. In weighing and balancing all of the facts in this case we are of the opinion that petitioners are not entitled to a deduction for the expenses incurred in maintaining Mr. Lucke's "home office." Here, as in the Sharon case, supra, Mr. Lucke was provided an office by his employer. The desk space in his home was nt better suited to the professional reading which Mr. Lucke did than was the office furnished by his employer. Petitioners cite Newi v. Commissioner,432 F.2d 998 (2d Cir. 1970), affirming a Memorandum Opinion of this Court, for the proposition that the facts of each case must control the Court's determination of whether effectively a taxpayer is required to provide space at home for performance of his employment duties. Mr. Lucke contends that his feeling of pressure to read tax journals at home and his inability to do this work at the *78 office are tantamount to a requirement that he provide home office space to perform his duty of keeping current with tax publications. Certainly each case must be determined on its own facts. However, in our view, Mr. Lucke was not required by his employer to maintain home office space under the facts here present. In contrast to Newi,supra, petitioner is not a salesman and has not used his home office space to do the regular work of his employment. In our view, the facts here are in no way comparable to those in the Newi case. Petitioners attempt to distinguish the facts in the instant case from those of Sharon v. Commissioner,66 T.C. 515 (1976), affd. 591 F.2d 1273 (9th Cir. 1978), and Bodzin v. Commissioner,509 F.2d 679 (4th Cir. 1975). Petitioners state that the courts in those cases emphasized that the taxpayer "was not required, requested, expected or encouraged to work in the evenings or on weekends * * *." Bodzin,supra at 680. Yet, we find as we did in Sharon,supra, that Mr. Lucke worked at home occasionally in order to meet deadlines, self-imposed *79 or otherwise, when he could have chosen to work in his office. Mr. Lucke's use of his home office merely reflected a personal preference and convenience rather than employment requisites. Petitioner contends that although the Touche, Ross faciity was available to him, the fact that the air conditioning was reduced to minimal levels after 10:00 p.m. nightly and during the weekends meant that his office was uncomfortable and not conducive to work. Petitioners also assert that we must consider the hazards and environmental conditions surrounding Mr. Lucke's place of employment in making our decision, particularly the fact that one of Mr. Lucke's fellow workers was mugged in 1974 outside of the Touche, Ross building at 11:00 p.m. However, neither of these facts in any way show that Mr. Lucke did not have ample time for comfortable, safe use of the office supplied to him by his employer to do the reading he chose to do at home. Citing Sibla v. Commissioner,68 T.C. 422 (1977) and Cooper v. Commissioner,67 T.C. 870 (1977), petitioners argue that expenses resulting from employer requirements are deductible even though a taxpayer may realize some *80 personal benefit as a result of those expenditures. Factually Cooper,supra, and Sibla,supra, are distinguishable. Both cases involve firemen who were required to make paymnts to a firemen's mess and to eat in the mess when present at the station house. Moreover, as we have previously stated, the facts here show that Touche, Ross never required Mr. Lucke to incur the expenses of maintaining a work alcove at home. In weighing and balancing all the facts in this record, we conclude that here, as in Meehan v. Commissioner,66 T.C. 794, 807-808 (1976), Mr. Lucke's desk, bookshelves and phone did not constitute a "place of business." Here, as in Meehan, Mr. Lucke incurred no additional expense by having a desk in one corner of his bedroom, and his incidental use of that space as a convenient place to keep abreast of tax trends does not convert a personal expense into a business expense. On the basis of the facts in this case we conclude that petitioners are not entitled to a deduction under either section 162(a) or section 212 with respect to Mr. Lucke's desk alcove. Decision will be entered for the respondent. *81 Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue.↩