JEFFREY EDMONDSON, a/k/a/ JEFF EDMONDSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edmondson v. Commissioner
Docket No. 4586-76.
United States Tax Court
T.C. Memo 1981-623; 1981 Tax Ct. Memo LEXIS 118; 42 T.C.M. (CCH) 1533; T.C.M. (RIA) 81623; October 26, 1981. Saul A. Bernick and Neal *119 Shapiro, for the petitioner. James C. Lanning, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax liability for the taxable year 1974 in the amount of $ 17,303.45 together with an addition to tax under section 6651(a), Internal Revenue Code of 1954, [1] in the amount of $ 289.87. There are two issues for decision: (1) whether respondent has properly disallowed portions of petitioner's cost of goods sold and expenses in recomputing petitioner's Federal income tax liability, and (2) whether the Commissioner's determination of an addition to tax under section 6651(a) is proper. FINDINGS OF FACT Some of the facts in this case have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Jeffrey Edmondson resided in Minneapolis, Minnesota, when he filed his petition in this case. Petitioner's Federal income tax return for the taxable year 1974 was filed on June 24, 1975, at the *120 Internal Revenue Service Center in Ogden, Utah. During the taxable year 1974, petitioner Jeffrey Edmondson was self-employed in the trade or business of selling amphetamines, cocaine, and marijuana. His primary source of controlled substances was one Jerome Caby, who delivered the goods to petitioner in Minneapolis on consignment. Petitioner paid Caby after the drugs were sold. Petitioner received on consignment 1,100,000 amphetamine tablets, 100 pounds of marijuana, and 13 ounces of cocaine during the taxable year 1974. He had no beginning inventory of any of these goods and had an ending inventory of only 8 ounces of cocaine. Petitioner did not keep books and records of these transactions because of the illegal nature of his business. Petitioner reconstructed these transactions in February of 1975 for the purpose of filing a Federal income tax return for 1974 in response to a jeopardy assessment made by the Commissioner. He reported on this return that his cost of goods sold for these products was $ 105,300. In the taxable year 1974 petitioner incurred various expenses in his business of selling controlled substances. He drove his automobile 29,000 miles, of which two-thirds *121 of such mileage was attributable to business use. Petitioner made a business trip to San Diego, California, in December of 1974 in connection with which he incurred expenses of $ 250 for air fare and $ 200 for food and entertainment. The petitioner purchased a scale to be used in his business for $ 50. Petitioner incurred packaging expenses for the sale of controlled substances of $ 200. Telephone expenses which were attributable to petitioner's business consisted of $ 180 of long-distance charges and two-thirds of his base rate charges of $ 204, or $ 136. Petitioner paid rent in the amount of $ 2,360 for his apartment, which was also his only place of business. In his notice of deficiency, the Commissioner disallowed all of petitioner's miscellaneous business expenses and his vehicle expense and disallowed $ 30,341.69 of petitioner's claimed cost of goods sold. OPINION We will first consider petitioner's cost of goods sold. Petitioner submits that his claimed cost of goods sold and expenses have been established through his testimony at trial and other evidence. Respondent maintains that the petitioner's uncorroborated testimony should not be accepted uncritically by this *122 Court. Petitioner was one link in a chain from the source of his controlled substances to the ultimate consumer. He was not the source of the drugs, he did not bear the risk of transporting them from foreign countries or from distant areas of the United States, and did not bear the risk of any financial investment in them. The drugs were "fronted" to him, i.e., he received the goods on consignment and paid his supplier out of funds which he received on sale. At trial in May of 1980 petitioner testified that this consignment price for amphetamine tablets ranged from 7-1/2 cents to 10 cents per tablet, with an average price of 8 cents per tablet. Petitioner further testified that the consignment cost of the marijuana was $ 110 per pound. Finally, petitioner testified that the 13 ounces of cocaine were acquired in three transactions, the consignment price of which was $ 1,200 per ounce for the one ounce in the first transaction, $ 1,500 per ounce for the 4 ounces in the second transaction, and $ 1,000 per ounce for the 8 ounces in the third transaction. Petitioner asserts by his testimony that he had a cost of goods sold of $ 106,200. The nature of petitioner's role in the drug *123 market, together with his appearance and candor at trial, cause us to believe that he was honest, forthright, and candid in his reconstruction of the income and expenses from his illegal activities in the taxable year 1974. While petitioner's testimony at trial indicates a larger cost of goods sold than his original reconstruction in February of 1975, we believe that petitioner's first reconstruction, made while the events were clear in his mind, is the most accurate. We, therefore, hold that petitioner's cost of goods sold for the taxable year 1974 was $ 105,300. Petitioner's travel and entertainment expenses, consisting of air fare and food and entertainment for a trip to San Diego, California, must be disallowed because the petitioner has not complied with the substantiation requirements of section 274(d). Petitioner claims that two-thirds of the rental cost of his residence is deductible because he used it as the office for his illegal drug business. While the rental attributable to such use would usually constitute an ordinary and necessary business expense which would be deductible under sections 161 and 162, section 262 disallows any deduction for personal, living, *124 or family expenses, and section 1.262-1(b)(3), Income Tax Regs., provides: (3) Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of buiness, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense. The property which petitioner rented as his residence was also his only place of business. This is in contrast to the facts in Sharon v. Commissioner, 66 T.C. 515 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979). In that case we disallowed the home office deduction of an employee who was provided office space at his employer's place of business but chose to also use his residence as an office. We found that under section 1.262-1(b)(3), Income Tax Regs., the expense of maintaining one's residence is a personal *125 expense, and that a taxpayer can take part of his apartment rent out of the nondeductible category only by showing that a portion of his residence constitutes a place of business. We disallowed the petitioner's claimed home office deduction because the petitioner's use of his home failed to meet this requirement; the occasional use of his home, purely as a matter of convenience, did not make his home a place of business. Petitioner in the present case meets the above requirement that his home be a place of business. His apartment was his only place of business. We are persuaded that the petitioner made substantial use of his apartment in his drug business. His testimony, however, did not describe either the specific spatial portion of his apartment which he used as his office or the percentage of such use. Where we are persuaded that a taxpayer incurred an expense, we may make an approximation thereof, "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). From the record as a whole we find that the appropriate portion of business use of the petitioner's apartment was one-half of the *126 two-thirds asserted by petitioner. This is because the allocation must exclude personal use, both in space and time. We hold that one-third of petitioner's rental expense of $ 2,360, or $ 787, constitutes an ordinary and necessary expense of petitioner's trade or business and is to be allowed as a deduction. Petitioner's remaining claimed business expenses consist of the purchase of a small scale, packaging expenses, telephone expenses, and automobile expenses. We hold that these expenses were made in connection with petitioner's trade or business and were both ordinary and necessary. The second issue for decision before this Court is whether the Commissioner's determination of an addition to tax under section 6651(a) is proper. This determination is presumptively correct. Welch v. Helvering, 290 U.S. 111 (1933). The record indicates that petitioner's Federal income tax return for the taxable year 1974 was not timely filed. Petitioner has made no effort to show that his failure to timely file this return was the result of reasonable cause. We hold, therefore, that petitioner has failed to sustain his burden and that the Commissioner's determination of *127 addition to tax is upheld. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩