LLOYD ERICK PEARSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pearson v. Commissioner
Docket No. 15510-80.
United States Tax Court
T.C. Memo 1982-295; 1982 Tax Ct. Memo LEXIS 453; 43 T.C.M. (CCH) 1508; T.C.M. (RIA) 82295; May 26, 1982. *453 P, an orthodontist, stored dental records in the attic and basement of his residence and used a portion of a room in such residence as a "home office." Held, under sec. 280A, I.R.C. 1954, P is not entitled to deduct expenses attributable to either the storage or the office areas. Lloyd Erick Pearson, pro se. Richard C. McLaughlin, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 513.00 in the petitioner's Federal income tax for 1977. The issues for decision are: (1) Whether, under section 280A of the Internal Revenue Code of 1954, [1] the petitioner is entitled to deduct expenses allocable to space used for the storage of dental records in his home; and (2) whether, under such section, he is entitled to deduct expenses allocable to the space used as an office in his home. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Lloyd Erick Pearson, was a legal resident of Minneapolis, minn., at the time he filed his petition in this case. He and his wife, June M. Pearson, *455 filed a joint Federal income tax return for 1977 with the Internal Revenue Service. Mrs. Pearson has not filed a petition with this Court and is not a party to this proceeding. During 1977, the petitioner practiced orthodontics at 263 Southdale Medical Building (Southdale office), Edina, Minn. At the Southdale office, he received and consulted with patients and others, prescribed for and carried out the treatment of patients, and prepared and issued bills to patients. At that office, he also maintained the books and records for active patients. Such records included orthodontic models (plaster casts of a patient's teeth at the beginning and end of the treatment), x-rays, photographs, and a chart describing the details of the treatment. After the completion of the treatment of a patient, the petitioner maintained his records for a period of 7 to 10 years after the patient reached majority. Such records may be useful in the event the patient requires additional treatment or in the event the patient is involved in an accident. The petitioner has been practicing orthodontics for approximately 20 years, and during those years, he has treated between 3,000 and 4,000 patients. At *456 the time of trial, he retained the records of former patients in 36 file drawers (each measuring 26 inches by 14 inches by 12 inches) and 1,461 boxes containing orthodontic models (each box measuring 10 inches by 6 inches by 2-1/2 inches). The records of former patients (or inactive files) were stored in the attic and basement of the petitioner's home. The areas used for such storage were not separate rooms, and the remaining portions of the attic and basement were used by the petitioner and his family for personal purposes. The areas used for storage consisted of a total of 248 square feet. If the petitioner had rented additional space at his Southdale office for the storage of such records, it would have cost him $ 13.07 a square foot, and if he had rented such space in the basement of such building, it would have cost him $ 6.00 a square foot. The petitioner also used an area on the second floor of his home as an office. In such area, he had a desk, an x-ray tracing viewbox, a telephone, and a metal file cabinet which contained monthly computer reports, pension records, and duplicate ledger charge cards from his practice. Although he could have maintained such records at *457 his Southdale office, he preferred to keep them at home. In the home office, the petitioner prepared professional lectures and articles, consulted with his attorney and accountant, and treated emergency patients. At such office, he did not maintain a dental chair or an x-ray machine, although he did have a set of dental tools on hand for emergencies. The area used as a home office consisted of 75 square feet; it was only part of a room, and the balance of the room contained Mrs. Pearson's sewing machine and was used by other members of the family. The family also used the telephone. In the Federal income tax return filed by Dr. and Mrs. Pearson for 1977, they claimed a deduction of $ 1,015 for the costs of maintaing the petitioner's home office and the storage of his inactive files in his home. The amount of such deduction was computed by taking 15 percent of the costs of the utilities and maintenance of the home, 50 percent of the cost of the telephone in the home office, and depreciation on certain carpet and drapes and a portion of the cost of the home. On such return, the petitioner reported no income from his professional lectures or articles. In the notice of deficiency, *458 the Commissioner disallowed the entire deduction. OPINION There are two issues for decision in this case: (1) Whether the petitioner is entitled to deduct under section 280A the expenses allocable to space in his home used for the storage of the inactive files; and (2) whether he is entitled to deduct under such section the expenses allocable to his home office. In relevant part, section 280A provides: (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual * * *, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.-- (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer *459 in the normal course of his trade or business * * * (2) Certain storage use.--Subsection (a) shall not apply to any item to the extent such item is allocable to space within the dwelling unit which is used on a regular basis as a storage unit for the inventory of the taxpayer held for use in the taxpayer's trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of such trade or business. In addition, section 280A(c)(5) provides that if a portion of a home is used for a purpose described in section 280A(c)(1) or (2), the allowable deduction shall not exceed any income derived from such use. The petitioner has the burden of proving that he is entitled to the deduction claimed by him. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Section 280A was enacted in 1976. Tax Reform Act of 1976, Pub. L. 94-455, sec. 601, 90 Stat. 1569. Prior to such enactment, this Court allowed a deduction for a home office when such home office was "appropriate and helpful under all the circumstances." See Bodzin v. Commissioner,60 T.C. 820, 825 (1973), *460 revd. 509 F. 2d 679 (4th Cir. 1975). Congress considered that such standard involved subjective determinations, lead to administrative problems, and resulted in allowing deductions for inherently personal expenses, and section 280A was enacted to provide definite rules for determining when a deduction is allowable for the business use of a home. See S. Rept. 94-938 (1976), 1976-3 Vol. 3 C.B. 49, 185; Hynes v. Commissioner,74 T.C. 1266, 1296 (1980); Baie v. Commissioner,74 T.C. 105, 108 (1980). Section 280A is applicable for taxable years beginning after December 31, 1975 (Tax Reform Act of 1976, supra, 90 Stat. 1572), and to be entitled to a deduction for the business use of a home in such years, the petitioner must satisfy the requirements of such section. Section 280A(c)(2) does allow a deduction for storage in the home, but the statute contains several express restrictions: To be entitled to the deduction, the taxpayer must be engaged in the trade or business "of selling products at retail or wholesale"; the material stored must constitute "inventory" of such trade or business; and the dwelling must be "the sole fixed location *461 of such trade or business." Here, the petitioner fails to satisfy all such requirements. His trade or business involved the rendering of professional services, not the sale of products at retail or wholesale. See Druker v. Commissioner,77 T.C. 867, 874 (1981), on appeal (2d Cir., March 29, 1982) (attorney denied deduction under section 280A for home storage of legal files and books). The petitioner was storing the files of his profession, not inventory. Finally, his dwelling was not the sole fixed location of his business; the Southdale office represented his principal place of business. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Hynes v. Commissioner,supra at 1297; Baie v. Commissioner,supra at 109. The petitioner argues that it was less expensive for him to store his inactive files in his home; he deducted only approximately $ 3 per square foot for the home storage. We have no reason to doubt him, but since Congress has adopted express restrictions on the deductibility of expenses allocable to the use of a home for storage of business materials, and since the petitioner has failed to satisfy *462 those requirements, we must hold that he is not entitled to a deduction for the expenses allocable to the storage of his inactive files in his home. Section 280A(c)(1) governs the deductibility of home office expenses, and it too contains a number of express restrictions on such deduction: For the expenses attributable to a home office to be deductible, the home office must be "exclusively used on a regular basis" for one of the allowable purposes; and the purposes relevant here are as "the principal place of business for any trade or business of the taxpayer" or as "a place of business which is used by patients * * * in meeting or dealing with the taxpayer in the normal course of his trade or business." Here, it is also clear that the petitioner fails to satisfy those requirements. His home office was not used exclusively for business purposes; it was merely part of a room, and the family used the room for personal purposes. Nor has the petitioner shown that his home office was used on any regular basis. Moreover, the home office was not used for either of the allowable purposes: It was not the petitioner's principal place of business, and although it may have been used for emergency *463 patients, it was used only occasionally for that purpose, and was not used by him to meet with patients in the normal course of his business. Jackson v. Commissioner,supra; compare Green v. Commissioner,78 T.C. 428 (1982). The petitioner argues that his home office was used for the preparation of his professional lectures and articles and that such activities augmented his professional income. It may be that such lectures and articles did enhance his professional standing and indirectly increased his professional income; yet, the record does not indicate that the lecturing and writing constituted a separate trade or business, and we are unable to find that he was engaged in a separate business of which the home was the principal place of business. See Jackson v. Commissioner,supra.Moreover, since he received no income from the lecturing and writing, section 280A(c)(5) denies a deduction for any expenses attributable to the use of a home office for such purpose. Gestrich v. Commissioner,74 T.C. 525, 530 (1980), on appeal (3d Cir., Dec. 17, 1980). Accordingly, we hold that the petitioner is not entitled *464 to deduct the expenses attributable to the use of a portion of his home as an office.
Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1977.↩