Christopher A. Rafferty v. Commissioner.
Rafferty v. Commissioner
Docket No. 4093-70 SC.
United States Tax Court
T.C. Memo 1971-203; 1971 Tax Ct. Memo LEXIS 128; 30 T.C.M. (CCH) 848; T.C.M. (RIA) 71203; August 18, 1971, Filed Christopher A. Rafferty, Fish Creek Road,saugerties, N. Y. Steven B. Nagler, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion *129 GUSSIS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for 1966 in the amount of $966.56. The issues are (1) whether petitioner is entitled to a casualty loss in excess of the amount determined by respondent; (2) whether petitioner is entitled to deduct expenses for maintaining an office in his home; (3) whether petitioner is entitled to deduct certain expenditures under section 162 or section 212 of the Internal Revenue Code of 1954[1] in excess of the amount allowed by respondent; (4) whether petitioner is entitled to a deduction for gasoline taxes and general sales tax in 849 excess of the amounts allowed by the respondent. Findings of Fact Some of the facts were stipulated and they are so found. Petitioner was a resident of Saugerties, New York at the time the petition herein was filed. He filed his Federal income tax return for the year 1966 with the district director of internal revenue, Brooklyn, New York. Petitioner is a qualified and licensed professional engineer. During the year 1966 he was employed *130 by the Grumman Aerospace Corporation where he was in charge of the development of automatic flight control systems. Petitioner has a one-quarter interest in a home in Ulster County, New York, with the remaining three-quarters interest owned by his brothers. In November 1965, he leased a 2 1/2 room apartment at a monthly rental of $133 in Hicksville, New York in order to be closer to his employment at Grumman Aerospace Corporation. Petitioner generally spent his weekends at the Ulster County house, leaving the Hicksville apartment on Friday morning and returning to it on Monday evening. He kept technical magazines in the apartment which he used to keep informed on current developments in his profession. In addition to four straight-back chairs, the living room of the apartment contained a filing cabinet, two drawing boards, a desk, special lighting fixtures and some technical textbooks. Petitioner was not provided with an office at his place of employment. On occasion, petitioner worked at Calverton, Long Island as part of his employment with Grumman Aerospace Corporation and it was necessary for him to bring technical materials from his apartment to the Calverton work site. *131 In 1966 the house in Ulster County, New York was damaged and it is stipulated that the total amount of the damage was $800. In 1966 petitioner drove his automobile into a tree and it is stipulated that he paid $407 in that year to repair the damage to his automobile. Opinion Casualty losses. Petitioner claimed a casualty loss deduction of $600 on his 1966 Federal income tax return for damages to the Ulster County property. Respondent determined that total damages of $800 were substantiated and, after deducting the statutory $100 casualty loss limitation under section 165(c)(3), he allowed petitioner a casualty loss deduction of $175 for his one-fourth interest in the property. However, respondent's regulations provide that the $100 limitation applies separately to each individual taxpayer who sustains a loss even though the property damaged or destroyed is owned by two or more individuals. Sec. 1.165-7(b)(4)(iii). Accordingly, the respondent in his amended answer recomputed petitioner's share of the total loss to be $200 (1/4 times $800) and that, subject to the $100 casualty loss limitation, petitioner's deductible casualty loss would be $100 rather than $175. Petitioner also *132 claimed a casualty loss deduction of $548.32 for damages to his automobile. Respondent determined that petitioner had only substantiated damages of $407 and, after allowing for the $100 casualty loss limitation, the respondent allowed a casualty loss deduction of $307 for damages to the petitioner's automobile. At the trial, the petitioner conceded the casualty loss issue both as to the Ulster County property and the automobile. Accordingly, we sustain the respondent on this issue. Gasoline taxes and sales taxes. Petitioner deducted $226 for gasoline taxes and $195 for general sales taxes on his 1966 Federal income tax return. Respondent disallowed $26 of the gasoline tax deduction and $114 of the sales tax deduction on the ground that these disallowed amounts were in excess over the published guidelines for such deductions and petitioner had offered no proof to substantiate a deduction for any greater amount. Petitioner presented no evidence to the Court to substantiate the payment of gasoline taxes or sales taxes in excess of the amounts allowed. Nor are we able to infer from this record that petitioner did in fact pay gasoline and sales taxes in 1966 in excess of the amounts *133 allowed. On this record we must sustain the respondent. Office in home. Petitioner paid rent in 1966 for his 2 1/2 room apartment in Hicksville, Long Island in the total amount of $1,596. He deducted $800 of this amount on his 1966 Federal income tax return as business expenses for maintaining an office in his apartment. Respondent disallowed the deduction. Petitioner was employed by the Grumman Aerospace Corporation throughout the 850 year 1966. He was in charge of the development of automatic flight control systems and he testified that he brought work to his apartment were he kept drawing boards and technical materials. His employer did not provide him with an office or a secretary. He was provided with a desk, however, and according to his own testimony, he had "three or four desks for a while at Grumman." On occasion he went directly to a work site in the field with technical materials which he kept in his apartment. Petitioner also contends that he worked as a consulting engineer in addition to his full-time employment with Grumman Aerospace Corporation. There is little support for this in the record. During the entire period from 1966 through 1970, he received $48 *134 for some consulting work performed by him in 1966. He testified that at the time of the trial he did no consulting work for which he received remuneration. While we are not convinced that petitioner used his apartment in 1966 for business purposes as a consulting engineer, we are persuaded that he did use it to some extent in carrying on his business as a development engineer at Grumman Aerospace Corporation. We disagree with respondent's position that an employee may not deduct the expense of an office in his home unless he is required and expected to maintain one as a condition of his employment. We think it suffices if the use of the apartment as an office is appropriate and helpful in performing his duties as an employee. See Newi v. Commissioner, 432 F. 2d 998 (C.A. 2, 1970), affirming a Memorandum Opinion of this Court. The record is unsatisfactory as to the extent to which petitioner used his apartment in carrying on his duties as an employee. Nor are we given any precise indication of the space taken up by the drawing boards and his desk which, in any event, were restricted to one room of his 2 1/2 room apartment which he used as his living quarters. Under *135 these circumstances, we hold that petitioner is entitled to a deduction of $250 for the business use of his apartment. Miscellaneous business expenses. Petitioner deducted $560 on his return for miscellaneous business and investment expenses. Respondent disallowed $107 of the total expense deduction on the ground of lack of substantiation and failure to show that such disallowed expenses were deductible under section 162 or section 212. Petitioner made no effort to substantiate any portion of the disallowed expenses. In fact, he stated that "Well, a lot of this stuff, it's not very feasible to try and justify that." A significant portion of the disallowed expense was for meals which he claims were "at the convenience of the employer." It appears he worked overtime occasionally and on such occasions, he ate his meals away from his apartment. We fail to see how such meal expenditures qualify as a business deduction under section 162 or as an exclusion from income under section 119. Respondent is sustained on this issue. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩