C. BENJAMIN KIRBY AND SONDRA A. KIRBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirby v. Commissioner
Docket No. 14259-78.
United States Tax Court
T.C. Memo 1980-194; 1980 Tax Ct. Memo LEXIS 394; 40 T.C.M. (CCH) 431; T.C.M. (RIA) 80194; June 2, 1980, Filed C. Benjamin Kirby, pro se. Rose A. Mendes, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $759.21 in petitioners' *395 Federal income tax for the year 1975. The two issues presented for decision are: (1) Whether petitioners are entitled to deduct home office expenses of $628.42 as ordinary and necessary business expenses; and (2) whether petitioners are entitled under section 165(e) to a theft loss deduction of $1,562.80 in 1975. FINDINGS OF FACT Some of the facts have been stipulated and are so found. C. Benjamin Kirby and Sondra A. Kirby are husband and wife who resided in Dayton, Ohio at the time they filed their petition in this case. They filed a joint Federal income tax return for 1975 with the Internal Revenue Service Center, Covington, Kentucky. During 1975 petitioners were employed as high school teachers in the Dayton Public School Sy stem. Their normal working hours were from 8:00 a.m. to 3:00 p.m. During such hours the petitioners taught five 55-minute sections, were required to handle a 15-minute homeroom, and were allowed 30 minutes for lunch and a 55-minute period for administrative duties and class preparation. Mr. Kirby taught high school chemistry to juniors and seniors. Mrs. Kirby taught high school English to juniors and seniors. Petitioners' access to their classrooms *396 early in the morning was severly restricted since entry to the classroom area of the schools was only possible prior to 8:00 a.m. if the janitor could be located to open a steel gate. Although the classroom area was open until 4:00 p.m., petitioners were directed by the superintendent and principal to leave the schools at the conclusion of their classroom duties because of continuing assaults on the teaching staff. Generally, the petitioners would leave the schools promptly at 3:00 p.m. out of fear for their safety.
Since petitioners could not safely remain in the school buildings they prepared an office in the basement of their personal residence. The office occupies approximately one-sixth of the floor space of their residence. It was paneled and was furnished with a typewriter, two desks, two chairs, bookshelves and books. Each petitioner spent approximately 20 hours a week in the office preparing lesson plans, grading papers and performing related academic duties. The office was used for no other purpose. On their 1975 Federal income tax return the petitioners claimed a home office expense deduction as follows: Utilities
$196.63
Fire Insurance
20.06
Wiring of Office
55.08
Paneling Home Office
128.50
Depreciation
228.15
Total
$628.42
*397 During 1973 the petitioners purchased jewelry for $3,600. They planned to enter into the business of selling the jewelry. The jewelry consisted of rings, ring cases and sample kits. Petitioners did not sell any of the jewelry from the date of purchase until its theft in early 1974. The jewelry was stolen from their stationwagon in Detroit while they were attending a sales convention in that city. They reported the theft to the Detroit police. Petitioners had no insurance coverage for the stolen goods. Although the petitioners were aware of the theft in early 1974, they claimed the deduction of the theft loss to coincide with the payments made to the creditors from whom they borrowed the money to purchase the jewelry. In 1975 the petitioners made loan payments with respect to the jewelry in the amount of $1,422.76 to Peoples National Bank and $240 to Stanley Satterfield. They claimed a deduction for the theft loss in the total amount of $1,562.80 on their 1975 Federal income tax return. This amount was equal to the sum of the loan payments less the $100 exclusion. OPINION Issue 1: Home Office Expenses
We must first decide whether the petitioners are entitled to the *398 deduction claimed for home office expenses. They contend that unsafe conditions at the high schools where they were employed forced them to prepare lesson plans and grade papers at home. In this regard the petitioners were directed by their school principal and system superintendent to leave the school premises when they completed their classroom duties. Petitioners also maintain that access to their classrooms prior to normal working hours was restricted by a security gate that could only be opened by a janitor. Respondent, on the other hand, contends that under the rationale of Sharon v. Commissioner,66 T.C. 515 (1976) affd. per curiam 591 F.2d 1273 (.th Cir. 1978), cert. denied 442 U.S. 941 (1979), the petitioners are not entitled to a home office deduction. [2] Respondent argues that the petitioners had sufficient time while they were on the school premises to prepare adequately for their classes; that they were not required to maintain a home office by their employer; and that their use of a home office served only their personal convenience and was merely incidental to their performance as teachers. We agree with petitioners that *399 they are entitled to the home office deduction in these circumstances. In Sharon v. Commissioner,supra, this Court held that home office expenses were nondeductible personal expenses where the occasional use of the home office was necessitated by the personal convenience, comfort or economy of the taxpayer. Here, by contrast, the petitioners' use of their home office was necessitated by their inability to remain in their classrooms after normal class hours because of frequent and continuing assaults on the teachers. The situation was apparently so bad that the petitioners were ordered to leave the building at the end of the school day. Respondent's *400 argument that petitioners could come in early to their classrooms to prepare for their classes is not supported by the record. Mr. Kirby testified that access to the classroom area of the high school where he taught was blocked by a security gate which was opened at 8:00 a.m. The only individual with a key to the security gate was the janitor, who, if located, could open the gate for him. Finally, we find incredulous respondent's contention that the 55-minute period provided the petitioners during the school day for classroom preparation and other administrative responsibilities was adequate time for them to prepare. Each taught five daily sections of chemistry and English to high school juniors and seniors. Each spent approximately 20 hours a week in the home office preparing lesson plans, grading papers, and performing other related duties. We have no reason to believe, as respondent would have us do, that petitioners' work at home was merely a matter of "professional judgment" not necessary to effectively carry out their duties as teachers.Rather, we think that their work at home was clearly necessary to the effectiveness of their teaching. Accordingly, we conclude on these *401 facts that the petitioners are entitled to deduct their home office expenses claimed for 1975. Compare Newi v. Commissioner,432 F.2d 998, 1000 (2d Cir. 1970); Peiss v. Commissioner,40 T.C. 78, 83-84 (1963). See also Lingham v. Commissioner,T.C. Memo. 1974-303. Issue 2: Theft Loss
Section 165(a) allows a deduction for any loss sustained during a taxable year and not compensated for by insurance or otherwise. Under section 165(c)(3) an individual may claim a deduction for theft, if the damage exceeds $100. Section 165(e) provides that a theft loss is treated as sustained in the taxable year in which the taxpayer discovers the loss. The amount of the deduction is the lesser of the fair market value or the cost basis of the property at the time of the theft. Section 1.165-8(c), Income Tax Regs.
It is clear that the petitioners were aware of the theft in early 1974 and that the proper year for claiming the deduction was 1974 rather than 1975. Although we are sympathetic to Mr. Kirby's honest but mistaken notion that it was perferrable to amortize the loss over the life of loan payments being made to pay for the jewelry, *402 the plain language of the statute compels us to sustain the respondent on this issue. To reflect a concession made by the petitioners and our conclusions with respect to the disputed issues, Decision will be entered under Rule 155.
Footnotes
2. At trial respondent's counsel indicated that she was not disputing any of the amounts claimed as part of the home office deduction but was only challenging petitioners' right to a home office deduction. No issue was raised at trial as to the correctness in amount of the items claimed. On brief, respondent asserts that two of the items deducted as an expense must be capitalized if we hold for petitioners on the home office issue. In view of the lateness in raising this issue, we will not consider it.↩