JAGTAR SINGH KHINDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Khinda v. Commissioner
Docket No. 15723-79.
United States Tax Court
T.C. Memo 1982-42; 1982 Tax Ct. Memo LEXIS 709; 43 T.C.M. (CCH) 423; T.C.M. (RIA) 82042; January 29, 1982. Jagtar Singh Khinda, pro se. Adeline Malone, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the calendar year 1974 in the amount of $ 1,789.50. The issues for decision are as follows: (1) whether petitioner can substantiate certain business and professional expenses claimed on his 1974 return; (2) whether *711 certain claimed business expenses were actually personal in nature; (3) whether petitioner is entitled to a deduction for the business use of a home office; (4) whether petitioner is entitled to deduct the cost of a calculator; and (5) whether petitioner may compute his tax for 1974 using the head of household rates. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in New York, New York, at the time the petition herein was filed. During 1974 petitioner was a licensed professional engineer in the State of New York. He was employed by Ebasco Services Incorporated (hereinafter Ebasco) as a structural engineer, helping to design nuclear power plants. Outside of his normal working hours petitioner attended the Polytechnic Institute of New York (hereinafter PINY). The courses he attended at PINY were in pursuance of a Ph. D. degree, and did not qualify petitioner for a new trade or business, but they did improve his skills in his profession. Although his tuition costs were reimbursed by Ebasco, the petitioner incurred various other expenses in connection with these courses. [1] These included books and transportation from work to *712 school. In addition to the courses at PINY, petitioner attended two seminars during 1974 on nuclear power plant construction. One of these was held at Boulder, Colorado, and the other at Pittsburgh, Pennsylvania. He also was a member of several professional associations which required annual dues payments, and he subscribed to a number of professional and technical journals. These activities helped petitioner keep abreast of recent developments in engineering. Petitioner and his former wife, Janine Panchaud Khinda (hereinafter Janine), were divorced on December 13, 1973. The decree of divorce awarded custody of their two minor children (then nine and six years of age) to Janine. Additionally, it ordered petitioner to pay Janine $ 25 per week for her support and $ 150 per week for support of their children. While still married, petitioner, Janine and their children resided in a two-bedroom apartment in Manhattan. *713 Prior to and during 1974 petitioner maintained one bedroom as an office. The children slept in the other bedroom and petitioner (as well as his wife while they were married) slept on a sofa-bed in the living room. This office was used by petitioner to keep abreast of the latest developments in his profession and to study in connection with his Ph. D. courses. It contained a desk, drawing board with a special light fixture, two file cabinets, and bookshelves for his technical books and journals. Additionally, this room had two closets which petitioner used to store clothes. Petitioner testified that this room was used exclusively for work-related activities. At Ebasco petitioner was furnished with a desk and other facilities (such as a drawing board when needed and a computer terminal) at which to perform his job. Ebasco did not require petitioner to maintain a home office and, therefore, he did not inform his employer that he had one. Petitioner testified that it was helpful, but not essential, to maintain an office in his home. Petitioner testified that shortly after their divorce Janine found herself unable to care for the children. Thus, she voluntarily gave custody *714 of them to petitioner, and he ceased paying child support. During 1974 petitioner's sons lived with him for at least 10 months. Additionally, he sent them to Switzerland to visit their grandparents for one month. Petitioner (without objection) introduced 2 notarized affidavits from his sons, dated July 5, 1980, attesting that they lived with petitioner during the years 1974, 1975, and 1976. On his Federal income tax return for 1974, petitioner claimed miscellaneous deductions for education expenses (including the cost of courses, seminars, books and travel), professional dues, a calculator, a typewriter, job-seeking expenses, child-care expenses, automobile expenses, engineering tools, professional publications, and a home office, totaling $ 9,372.91. Further, he calculated his income tax for that year based on the head-of-household rates. Respondent has disallowed $ 5,273 of these deductions because petitioner has either failed to substantiate the expenses or to satisfy respondent that they were incurred for business purposes. [2] Additionally, respondent has determined that petitioner is not entitled to calculate his tax for 1974 using the head-of-household rates. *715 In addition to the above deductions claimed on his return, petitioner now asserts that he is entitled to further deductions for school books, a desk lamp, and transportation expenses to a seminar in Pittsburgh. He did not present substantiation for these items, thus respondent disputes his entitlement to them. OPINION The disputed claims by petitioner fall into four categories: (1) miscellaneous expenses which respondent alleges are personal or for which petitioner has no substantiation; (2) travel expenses while attending seminars in Pennsylvania and Colorado; (3) home office deduction; and (4) head-of-household status. With respect to each of these items the petitioner bears the burden to prove those facts necessary to support his claim. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Items in the first category above--involving substantiation and business purpose--include books ($ 380.27), automobile expenses ($ 459.29), [3] professional dues and publications ($ 74), tools ($ 30), a typewriter ($ 150), and other miscellaneous items ($ 69.19). Petitioner introduced no documentary evidence and very little *716 oral testimony to support his position that these expenses were actually incurred and/or that they were incurred in connection with his trade or business. Thus, with respect to each of these deductions petitioner has failed to sustain his burden and respondent's determination must prevail. As to the second category, petitioner claimed deductions for transportation, hotels and meals while attending seminars in Pittsburgh, Pennsylvania, and Boulder, Colorado, of $ 605.14 and $ 404, respectively. In the case of the Pittsburgh trip petitioner produced no records whatsoever of his expenditures. Section 274(d) and the regulations thereunder set forth certain substantiation requirements (in addition to one's own testimony), which must be met before one may deduct expenses of travel away from home. These include evidence of the business purpose of the travel, amount of the expenses, and the time and place of the travel. Petitioner has failed to meet any of these requirements. Although we believe petitioner incurred some travel expenses in connection with the seminar in Pittsburgh, without substantiation we *717 are not at liberty to approximate them because section 274(d) supersedes Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). See section 1.274-5(a), Income Tax Regs.; Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). As for the seminar attended by petitioner in Boulder, Colorado, petitioner produced checks and receipts for his meals, lodging, and travel expenditures. Respondent alleges that he has not proved the business purpose of the travel. We disagree. Prior to trial herein respondent allowed petitioner a deduction for a course at the University of Colorado for which petitioner produced documentation. We are satisfied that the travel expenses at issue were incurred in connection with that course. Consequently, petitioner has met his burden to prove the business purpose behind these travel expenses. Petitioner, however, is not entitled to the full deduction claimed. He testified that he traveled with an associate and that they shared the expenses. He produced a receipt for airfare of $ 394.56, but testified that this amount represented the cost for both him and his associate to fly to *718 Colorado. Thus, we believe petitioner is entitled to only one-half the travel expenses claimed in connection with this seminar. On his tax return for 1974 petitioner claimed a deduction for the use of one bedroom (25 percent) of his apartment exclusively for business purposes. Respondent alleges that the expenses associated with this claimed deduction were personal in nature and, therefore, nondeductible under section 262. [4]
Section 280A, which was added to the Internal Revenue Code by the Tax Reform Act of 1976, [5] sets forth the current requirements for deductibility of expenses associated with the business use of one's home. That section, however, is not applicable herein because it is effective only for taxable years beginning after December 31, 1975. For years prior to the enactment of section 280A, this Court had allowed a deduction under section 162(a) for an office in an employee's residence where such use is substantial and not merely occasional or incidental, and where it is "appropriate and helpful" under *719 the circumstances. See Baie v. Commissioner,74 T.C. 105, 108 (1980); Sharon v. Commissioner,66 T.C. 515, 523 (1976), affd. 591 F.2d 1273 (9th Cir. 1978). In this context, maintain an office in one's home is not "appropriate and helpful" if it is merely a matter of personal convenience, comfort or economy. Sharon v. Commissioner,supra.
At Ebasco petitioner was furnished with office space and all the facilities necessary to perform his assigned work. He was not required to work at home, nor was he reimbursed or otherwise compensated for it. In fact he did not even inform his employer that he maintained an office in his home. There is no evidence in the record to indicate that petitioner could not have studied and read his journals in his office at Ebasco, or that it would have been less efficient for him to have done so. Petitioner also testified that he used his home office to study for his courses and to read his professional journals, but he admitted that such use was not essential; only helpful. He did not prove that this work could not have been done, inter alia, *720 at the PINY library. Under these facts it is apparent that petitioner maintained an office in his home for nothing more than personal convenience, comfort and economy, and as such his costs associated with it are nondeductible personal expenses. Sec. 262; Sharon v. Commissioner,supra. Cf. Newi v. Commissioner,432 F.2d 998 (2d Cir. 1970), affg. a Memorandum Opinion of this Court. [6]
For 1974 petitioner deducted the full cost ($ 173.90) of a hand-held calculator purchased for business. Respondent determined that the calculator had a three-year useful life and allowed petitioner to depreciate it on that basis ($ 58 for 1974). Section 263 disallows a deduction for any capital expenditure. The cost of equipment having a useful life substantially beyond the taxable year is generally considered a capital expenditure. Sec. 1.263(a)-2(a), Income Tax Regs.
Petitioner has presented no evidence of the useful life of his calculator, except to note that it carried only a 90-day guarantee. This *721 is wholly insufficient to meet his burden to prove respondent's determination erroneous; consequently, that determination must prevail. The final issue presented herein is whether petitioner is entitled to calculate his tax for 1974 using the head-of-household rates. Sec. 1(b). Section 2(b) defines a head-of-household as one, inter alia, who is unmarried at the close of the taxable year (and not a surviving spouse) and maintains as his home a household which constitutes the principal place of abode, as a member of that household, of that person's dependent child. See sec. 151. Respondent does not dispute that petitioner's two sons were his dependents during 1974, but only that they were not members of his household during that year. The basis of this position is that the 1973 divorce decree between petitioner and Janine awarded the latter custody of the children, and that petitioner did not produce an affidavit from his ex-wife attesting that he had custody of the children for 1974. Petitiioner testified that his sons lived with him, as part of his household, during 1974. He discussed how he gained custody of them voluntarily from Janine. He also detailed how he took *722 his children to their babysitter daily after he fixed them breakfast. Additionally, he introduced, without objection, two notarized affidavits from his sons corroborating this testimony. We find petitioner's testimony on this issue to be highly credible.Thus, on the basis of all the facts presented, we believe petitioner has sustained his burden to prove that the children lived with him during 1974 as part of his household, and respondent's determination to the contrary is erroneous. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Ebasco's reimbursements were for tuition only (net of withholding for Federal income taxes). These amounts were included as income on petitioner's W-2 Form.Ebasco provided no reimbursements for books, supplies, or other miscellaneous related expenses.↩
2. The miscellaneous deductions allowed by respondent, totaling $ 4,731.10, include the substantiated costs of petitioner's educational courses and seminars, books, transportation between work and school, professional dues, alimony payments, and one-third of the cost of his calculator (as depreciation). Furthermore, the petitioner has conceded a claimed $ 1,200 deduction for child-care expenses.↩
3. At trial herein petitioner reduced this claimed deduction to $ 230.↩
4. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
5. Pub. L. 94-455, 90 Stat. 1520.↩
6. See also Best Universal Lock Co. v. Commissioner,45 T.C. 1 (1965); Cobb v. Commissioner,T.C. Memo. 1976-327↩.