Erie Hill Rose v. Commissioner.
Rose v. Commissioner
Docket No. 6985-70 SC.
United States Tax Court
T.C. Memo 1972-39; 1972 Tax Ct. Memo LEXIS 219; 31 T.C.M. (CCH) 142; T.C.M. (RIA) 72039; February 16, 1972, Filed. Erie Hill Rose, pro se, 1891 S. Parkway, East, Memphis, Tenn. John B. Harper, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $383.91 in petitioner's Federal income tax for the year 1967. The only issue presented for our decision is whether the petitioner is entitled to a deduction of $1,905.62, either as a casualty loss or as taxes paid, for amounts expended in connection with the construction of a sidewalk required by the City of Memphis *220 to be built at her personal residence. Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. Erie Hill Rose (herein called petitioner) was a legal resident of Memphis, Tennessee, when she filed her petition in this proceeding. Her individual Federal income tax return for the year 1967 was filed with the Internal Revenue Service Center at Chamblee, Georgia. In 1967 the City of Memphis, pursuant to sections 36-100 through 36-102 of the Municipal Code, required the petitioner to construct a 250-foot sidewalk alongside her personal residence at 1891 S. Parkway, East, in Memphis. Rather than have the city construct the sidewalk, petitioner decided to have the work done by someone else at her expense. The cost of constructing the sidewalk, including lot preparation, was $543. Her costs were an additional $1,362.62 representing the estimated value or costs of items which had to be removed from her lot to construct the sidewalk. If petitioner had not had the sidewalk constructed herself, the City of Memphis would have been authorized by ordinance to construct the sidewalk, assess the cost against her property, and collect the cost in the *221 same manner as general taxes. Costs of sidewalk construction by the City of Memphis were declared by ordinance to be a special improvement tax on the property abutting the sidewalk. The special tax was collected in the same manner as general taxes. On her 1967 Federal income tax return petitioner claimed a deduction of $1,800 for the construction of the sidewalk. In his notice of deficiency the respondent disallowed the deduction on the grounds that the alleged loss was not a casualty under section 165 of the Internal Revenue Code or a tax paid under section 164 of the Code. Opinion Section 165(c), Internal Revenue Code of 1954, allows a deduction for "casualty" losses. It is well settled that the term "casualty" as used in the statute means "an accident, a mishap, some sudden invasion by a hostile agency." Fay v. Helvering, 120 F. 2d 253 (C.A. 2, 1941). It is clear there was no "casualty" here. Even though petitioner was required by law to build a sidewalk she would not have otherwise built and, in fact, did not want, the involuntary nature of the construction does not make it a "casualty" under the statute. Consequently, *222 no deduction for a casualty loss can be allowed. Section 164 of the Code allows a deduction for real property taxes paid within a taxable year. But section 164(c) provides that no deduction shall be allowed for "taxes assessed against local benefits of a kind tending to increase the value of the property assessed." Section 1.164-3(b), Income Tax Regs., defines real property taxes as taxes levied on interests in real property for the general public welfare. Section 1.164-4(a), Income Tax Regs., provides: (a) So-called taxes for local benefits * * *, more properly assessments, paid for local benefits such as street, sidewalks, and other like improvements, imposed because of and measured by some benefit inuring directly to the property against 143 which the assessment is levied are not deductible as taxes. A tax is considered assessed against local benefits when the property subject to the tax is limited to property benefited. Special assessments are not deductible, even though an incidental benefit may inure to the public welfare. The real property taxes deductible are those levied for the general public welfare by the proper taxing authorities at a like rate against all property *223 in the territory over which such authorities have jurisdiction. [Italics supplied.] In this case the petitioner paid for the construction of the sidewalk herself. No assessment for any kind of tax was made by the City of Memphis and no tax was paid. Even if the City of Memphis had constructed the sidewalk, assessed the costs against petitioner's property and collected the costs as "tax," she would not have been entitled to a deduction. The tax paid would have been a tax for a "local benefit," and hence a nondeductible tax. Decision will be entered for the respondent.