634 F.2d 631
 80-2 USTC P 9662
 Unpublished Disposition
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James Alman and Viola Alman, Appellants
v.
Commissioner of Internal Revenue, Appellee.
 No. 80-1250.
 United States Court of Appeals, Eighth Circuit.
 Aug. 29, 1980.
 
 Before LAY, Chief Judge, BRIGHT and HENLEY, Circuit Judges.
 
 PER CURIAM
 
 1
 The Commissioner disallowed a casualty loss and professional and office expenses claimed by the taxpayer,[1] James Alman, for the calendar year 1975. The Tax Court[2] sustained the Commissioner as to the claimed casualty loss. The Commissioner conceded two items of professional expense, and the Tax Court allowed a third item. The court sustained the Commissioner as to all other claimed expenses, finding that the taxpayer had failed to demonstrate any business necessity for them. The taxpayer appeals, challenging the correctness of the Tax Court's findings as to non-deductibility of both the cost of filling the gully and the other claimed expenses. We affirm.
 
 
 2
 In 1972 the City of St. Paul ordered the taxpayer to fill a gully which was located on a city street adjacent to his property. The taxpayer claimed a casualty loss on his 1972 return, based on the costs he incurred when he complied with the order. The Commissioner disallowed the deduction, and then administratively settled the claim with the taxpayer. Although the details are not entirely clear from the record, it appears that in the settlement the Commissioner allowed part of the loss for 1972 but disallowed the rest on the theory that the taxpayer might recover part of the costs from the City of St. Paul. In any case, the taxpayer consented to a deficiency of $164.92 for 1972.
 
 
 3
 The taxpayer obtained a judgment of $500.00 against the City in 1973. The City appealed and prevailed in 1975. Thus, the taxpayer received no reimbursement for filling the gully.
 
 
 4
 Evidently, the taxpayer chose 1975 as the year for a second attempt at deducting the costs of filling the gully because that was the year he lost the suit against the City. He presented alternative theories for the deductibility of these costs: casualty loss and charitable contribution. The Tax Court rejected both theories.
 
 
 5
 The charitable contribution theory merits little attention. Section 170(c)[3] defines "charitable contribution" as "a contribution or gift to or for the use of--(1) a State, a possession of the United States, or any political subdivision of any of the foregoing...." Undoubtedly, the City of St. Paul meets the requirement of subsection (1). However, the words "contribution" and "gift" both contemplate voluntary action on the part of the donor. The taxpayer filled the gully under order from the City, and attempted to obtain reimbursement through court action. Thus, the taxpayer's action of filling the gully cannot be viewed as a contribution or gift.
 
 
 6
 We also reject the taxpayer's claim of casualty loss. Section 165 provides in pertinent part:
 
 
 7
 (a) General Rule. There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.
 
 
 8
 ....
 
 
 9
 (c) Limitation on Losses of Individuals. In the case of an individual, the deduction under subsection (a) shall be limited to ...
 
 
 10
 (3) losses of property ... [arising] from fire, storm, shipwreck, or other casualty, or from theft.
 
 
 11
 The term "other casualty" is not defined in the Code or the Treasury Regulations. In Fay v. Helvering, 120 F.2d 253 (2d Cir.1941) (per curiam), the court stated that casualty "denotes an accident, a mishap, some sudden invasion by a hostile agency...." In Citizens Bank v. Commissioner, 28 T.C. 717, 720 (1957), aff'd 252 F.2d 425 (4th Cir.1958), the Tax Court stated that "physical damage or destruction of property is an inherent prerequisite of showing a casualty loss."
 
 
 12
 In the present case, there is no evidence that the gully resulted from a storm or other sudden, destructive cause. Indeed, the taxpayer admitted that the gully was present "from time one." The involuntary nature of the City's order did not qualify the taxpayer's compliance with it as a casualty. Erie Hill Rose v. Commissioner, 31 T.C.M. 142, P-H p 72,039 (1972) (court rejected claim of casualty deduction for expenses incurred when the taxpayer was ordered by a city to construct a sidewalk on her property).
 
 
 13
 We next consider the miscellaneous expenses which Alman claimed. Section 162 allows a deduction for ordinary and necessary trade or business expenses. Section 212 allows a deduction for ordinary and necessary expenses incurred for the production or collection of income, for management of property held for the production of income, or in connection with the determination of any tax. The burden was on the taxpayer to show that the expenses he claimed fell within the provisions of Sections 162 or 212.
 
 
 14
 The taxpayer claimed expenses associated with a study he maintained at home during 1975 for reading trade journals. In 1975 he was employed as an engineer, and it was necessary for him to keep current with engineering developments. He claimed that his employer's policy was for its engineering employees to take home trade journals.
 
 
 15
 Under the tax law applicable in 1975,[4] expenses associated with a home office may be deducted where part of a residence is set aside and regularly used for business purposes, if such space is needed for the taxpayer to perform the duties of his job. Newi v. Commissioner, 432 F.2d 998 (2d Cir.1970). However, when a taxpayer incidentally and for his own convenience uses part of his residence for conducting business, no part of the cost of maintaining the residence is deductible. This cost is a nondeductible personal expense under Section 262. Sharon v. Commissioner, 591 F.2d 1273, 1274 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979); Bodzin v. Commissioner, 509 F.2d 679, 681 (4th Cir.), cert. denied, 423 U.S. 825 (1975). In the present case, the taxpayer made no showing that his place of employment was unavailable for reading trade journals. Thus, the study was used for his convenience rather than because of a requirement of his job. The Tax Court correctly denied any deduction for use of the study.
 
 
 16
 We have carefully reviewed the other alleged expenses which were claimed by the taxpayer and disallowed by the Tax Court. We find that he failed to sustain the burden of showing that he was entitled to deduct any of these items.
 
 
 17
 Accordingly, the decision of the Tax Court is affirmed.
 
 
 
 [1]
 Viola Alman is a party because she filed a joint return with James Alman. In this opinion the term "taxpayer" refers to Mr. Alman
 
 
 [2]
 The Honorable William H. Quealy, United States Tax Court Judge
 
 
 [3]
 All statutory references are to the Internal Revenue Code of 1954, as amended
 
 
 [4]
 Section 280(A) greatly restricts deductibility of business use of a residence. It was added to the Code in 1976