ZANE JOHN SEMANDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Semander v. Commissioner
Docket No. 21845-80
United States Tax Court
T.C. Memo 1982-25; 1982 Tax Ct. Memo LEXIS 719; 43 T.C.M. (CCH) 317; T.C.M. (RIA) 82025; January 18, 1982. Zane John Semander, pro se. Dennis R. Onnen, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1977 in the amount of $ 121. The sole issue is whether petitioner is entitled to deduct rental expenses to the extent they exceed his rental income. FINDINGS OF FACT At the time of the filing of the petition herein, petitioner was a resident of Houston, Texas. He is a single individual who filed a U.S. Individual Income Tax Return, Form 1040, for the year 1977 with the appropriate Internal Revenue Service office. Throughout the year 1977, petitioner *720 lived in a three-bedroom, two-bath house with a pool at 9126 Leader St., Houston, Texas. Petitioner rented a portion of that house to a tenant during 1977 and received total rental income of $ 1,650. Both petitioner and his tenant had access to and use of the entire house and pool during 1977. On his 1977 return, petitioner claimed depreciation and other expenses with respect to the house in the amount of $ 2,122. These expenses include the following: Interest-House
$ 597.65
Interest-Pool
125.05
Taxes
257.72
Insurance
136.85
Utilities
463.86
House Maintenance
144.19
Phone
42.46
Pool Maintenance
68.46
Yard Maintenance
35.65
Depreciation
250.11
The parties agree that these expenses, which represent 35 percent of the total expenses for the house in 1977, correctly reflect the share of expenses attributable to petitioner's tenant. Respondent disallowed these expenses to the extent they exceed the rental income derived by petitioner. OPINION Congress in the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1569, added section 280A[1] to the Code. The *721 section provides special rules for the deductibility of expenses associated with a dwelling used as a residence. The applicable provisions of section 280A read as follows: SEC. 280A. DISALLOWANCE OF CERTAIN EXPENSES IN CONNECTION WITH BUSINESS USE OF HOME, RENTAL OF VACATION HOMES, ETC. (a) GENERAL RULE.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. (c) EXCEPTIONS FOR CERTAIN BUSINESS OR RENTAL USE; LIMITATION ON DEDUCTIONS FOR SUCH USE. (1) CERTAIN BUSINESS USE.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as *722 a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. (2) CERTAIN STORAGE USE.--Subsection (a) shall not apply to any item to the extent such item is allocable to space within the dwelling unit which is used on a regular basis as a storage unit for the inventory of the taxpayer held for use in the taxpayer's trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of such trade or business. (3) RENTAL USE.--Subsection (a) shall not apply to any item which is attributable to the rental of the dwelling unit or portion thereof (determined after the application of subsection (e)). (5) LIMITATION ON DEDUCTIONS.--In the *723 case of a use described in paragraph (1), (2), or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of-- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use whcih are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used. In enacting this legislation, Congress was confronted with the perennial problem of drawing a logically consistent and administratively convenient line between personal and business expenses. See Sharon v. Commissioner, 66 T.C. 515 (1976), affd. 591 F.2d 1273, 1274 (9th Cir. 1978). It decided that, for the most part, the expenses associated with owning and occupying a dwelling used as the taxpayer's residence are personal expenses. However, deductions of an allocable portion of the expenses attributable *724 to certain clearly defined business uses (including rental of a portion of a residence) were permitted to the extent of the business income generated. Petitioner falls within one of these limited categories, and respondent has allowed the deductions to the extent of the income generated. [2]
Petitioner admittedly used his home as a *725 residence throughout the year, renting a portion thereof. Consequently, it is clear that the expenses attributable to the rented portion of petitioner's dwelling are limited to the rental income less the deductions (such as interest and taxes) that would be allowed without regard to the business use of the premises. There is no dispute regarding the portion of his home petitioner rented and the income and expenses attributable to that portion. It is therefore clear that the limitation on deductions that Congress applied to various uses of a dwelling (including rental) are applicable in this case, and respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. Congress made it clear that rental of a residence, or a portion thereof, was subject to the same limitations as income derived from using the residence as a principal place of business or a place where patients, clients, and customers are seen. A problem did subsequently arise concerning the rental of a principal residence prior to sale or immediately prior to leasing the entire residence for a relatively long period of time. In response to, Congress provided in Pub. L. 95-600, that the provisions of sec. 280A would be inapplicable under certain circumstances to rental of a principal residence. See sec. 280A(d)(3). The amendment makes it clear that sec. 280A is applicable to the rental of a principal residence, unless it is exempt by the amendment encompassed in sec. 280A(d)(3)↩. This amendment does not encompass the circumstances herein.