ALI ASGAR MAZLOOM AND BIBI K. MAZLOOM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mazloom v. Commissioner
Docket No. 29339-88
United States Tax Court
T.C. Memo 1989-364; 1989 Tax Ct. Memo LEXIS 363; 57 T.C.M. (CCH) 1050; T.C.M. (RIA) 89364; July 25, 1989
Ali Asgar Mazloom, pro se. Elias T. Majoros, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 524 in petitioners' Federal income taxes for 1984. After concessions, the issue for decision is whether petitioners are entitled to deduct losses from rental of an apartment in their residence. All section references are to the Internal Revenue Code as in effect for 1984. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners were residents of Bay City, Michigan, at the time they filed their petition. *364 During 1984, petitioner Ali Asgar Mazloom (petitioner) was employed on a full-time basis with G. Heileman Brewing Co., Inc. Petitioner also operated a business called A.D.S. (Air Distribution Systems). Petitioners lived with their four children in a two-story residence in Bay City, Michigan. A.D.S. was operated out of the residence. They rented the top floor of the residence to a tenant at the rate of $ 180 per month. Petitioners received total gross rental income of $ 900 in 1984. Checks drawn on the A.D.S. bank account during 1984 included checks to the following: Payee
Total Amount
Self-Service Lumber Co.
$   161.51
Consumers Power Co.
2,727.63
Dependable Sewer Service
30.00
Bay City, Michigan
(for water and electricity)
786.33
Petitioners filed a joint individual income tax return, Form 1040, for 1984. On Schedule C attached to that return, they claimed a loss of $ 6,491 from A.D.S. That loss included car and truck expenses of $ 1,195 and utilities and telephone of $ 2,056, and other expenses not in dispute. On Schedule E, petitioners claimed a rental loss of $ 1,890 as follows: Rents received
$   900 Expenses
Legal and other professional fees
$   74
Repairs
468
Utilities
1,759
Water and sewer
334
Repair -- Plumbing
30
Depreciation
125
Total expenses
2,790
Loss
$ 1,890
*365 Respondent disallowed the rental expenses claimed to the extent that they exceeded gross rental income. Respondent also adjusted petitioners' business loss by $ 746. The parties have now stipulated that the correct amount of petitioner's deductible automobile expenses is $ 633.50. OPINION Petitioners have the burden of proving that they are entitled to the deductions that they claim. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. Respondent contends that petitioner has not shown that he properly allocated the expenses of maintaining his residence among personal expenses, business expenses, and rental expenses or that the rental loss was deductible. Respondent relies on section 280A and Walsh v. Commissioner, T.C. Memo. 1987-18; Colton v. Commissioner, T.C. Memo. 1986-5; and Semander v. Commissioner, T.C. Memo. 1982-25. Petitioner testified that his tax return preparer allocated the expenses of the residence based on the square footage attributable to each use. Petitioner has not, however, overcome the applicability of section 280A(c)(5). Section *366 280A provides: (a) General Rule. -- Except as otherwise provided in this section, in the case of a taxpayer who is an individual * * *, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. * * * (c) Exceptions for Certain Business or Rental Use; Limitations on Deductions for Such Use. -- * * * (3) Rental use. -- Subsection (a) shall not apply to any item which is attributable to the rental of the dwelling unit or portion thereof (determined after the application of subsection (e)). * * * (5) Limitation on deductions. -- In the case of a use described in paragraph (1), (2), or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of -- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not *367 such unit (or portion thereof) was so used. * * * (e) Expenses Attributable to Rental. -- (1) In general. -- In any case where a taxpayer who is an individual * * * uses a dwelling unit for personal purposes on any day during the taxable year (whether or not he is treated under this section as using such unit as a residence), the amount deductible under this chapter with respect to expenses attributable to the rental of the unit (or portion thereof) for the taxable year shall not exceed an amount which bears the same relationship to such expenses as the number of days during each year that the unit (or portion thereof) is rented at a fair rental bears to the total number of days during such year that the unit (or portion thereof) is used. (2) Exception for deductions otherwise allowable. -- This subsection shall not apply with respect to deductions which would be allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was rented. The cases cited by respondent illustrate the application of section 280A to preclude offsetting net rental losses against unrelated income, such as petitioner's wages received from his employment with G. *368 Heilemen Brewing Co. As we explained in Semander v. Commissioner, supra: In enacting this legislation, Congress was confronted with the perennial problem of drawing a logically consistent and administratively convenient line between personal and business expenses. See Sharon v. Commissioner, 66 T.C. 515 (1976), affd. 591 F.2d 1273, 1274 (9th Cir. 1978). It decided that, for the most part, the expenses associated with owning and occupying a dwelling used as the taxpayer's residence are personal expenses. However, deductions of an allocable portion of the expenses attributable to certain clearly defined business uses (including rental of a portion of a residence) were permitted to the extent of the business income generated. Petitioner falls within one of these limited categories, and respondent has allowed the deductions to the extent of the income generated. Petitioner admittedly used his home as a residence throughout the year, renting a portion thereof. Consequently, it is clear that the expenses attributable to the rented portion of petitioner's dwelling are limited to the rental income less the deductions (such as interest *369 and taxes) that would be allowed without regard to the business use of the premises. There is no dispute regarding the portion of his home petitioner rented and the income and expenses attributable to that portion. It is therefore clear that the limitation on deductions that Congress applied to various uses of a dwelling (including rental) are applicable in this case, and respondent's determination is sustained. [Fn. ref. omitted. 43 T.C.M. 317 at 318-319, 51 P-H Memo T.C. par. 82,025 at 82-72.] Thus, even without regard to correctness of petitioners' allocation of expenses, petitioners may not deduct a loss from rental of a portion of their residence against their other income. In order to give effect to the agreement of the parties, Decision will be entered under Rule 155.